## IN THE COURT OF APPEALS OF IOWA

No. 15-1236
Filed April 27, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOHN MICHAEL DENT,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Davis County, Kirk A. Daily, Judge.


        John Michael Dent appeals his conviction for indecent contact with a child.

**AFFIRMED.**



        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.



        Considered by Tabor, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

John Michael Dent appeals his conviction for indecent contact with a child, claiming his trial counsel provided ineffective assistance by failing to file a motion in arrest of judgment, alleging the district court failed to find a factual basis supporting the plea and failed to find the plea was knowingly and intelligently entered.

On April 16, 2014, Dent was charged with sexual abuse in the second degree. On February 25, 2015, the State amended the charge to indecent contract with a child, in violation of Iowa Code section 709.12 (2013). Dent then entered a written guilty plea to the amended charge. The guilty plea included the following relevant language:

> 13. I was of sound mind at the time I committed the crime.
> 14. I am now of sound mind. I am not under the influence of any substances.
> 15. I do not plead guilty because of any threats or promises.
> . . . .
> 17. I plead guilty because I know I am guilty. I read the Minutes of Testimony and agree they accurately describe what I did to commit the offense to which I am pleading.
> 18. I know what I am doing and have made an intelligent choice.
> 19. I will tell the court of all my previous convictions before sentencing. If I do not, the court can vacate the sentence and impose a more severe sentence.
> 20. I have had enough time to consider the facts of this case and my plea, and it is my personal and voluntary decision to plead guilty.
> . . . .
> 22. I have read and understand this petition.
> 23. I understand the penalties I am facing.
> 24. I ask the court to accept my plea of guilty.
> 25. I did the following acts to commit this crime in Davis County, Iowa: On or about September, 2012, I did fondle or touch the inner thigh, groin, buttock, anus, or breast of a child, who is not my spouse, for the purpose of arousing or satisfying my sexual desires.

Dent's signed initials appear next to each of the above numbered paragraphs, and his signature and the date appear at the end of the plea. Dent also signed an acknowledgement of his right to challenge the plea proceedings; he also waived his right to a formal record and his right to be present at the proceeding.

The district court accepted Dent's plea by noting in the written judgement entry: "The parties appeared for sentencing on July 17, 2015. Based on the plea of guilty in this case entered March 27, 2015, IT IS ORDERED and ADJUDGED that Defendant is guilty of the crime of Indecent Contact with a Child . . . ." The court sentenced him to a term of incarceration not to exceed two years. Dent now appeals.

We review Dent's claim of ineffective assistance of counsel de novo. *See State v. Finney,* 834 N.W.2d 46, 49 (Iowa 2013). "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal," preferring to reserve the issues "for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006). But we depart from this preference in cases where the record is adequate to resolve the claim. *Id.*

To establish a claim of ineffective assistance of counsel, a defendant must show (1) the attorney failed to perform an essential duty, and (2) prejudice resulted to the extent it denied the defendant a fair trial. *State v. Carroll*, 767 N.W.2d 638, 641 (Iowa 2009). A defendant has the burden to show by a preponderance of the evidence counsel was ineffective. *See State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992).

Dent claims the district court failed to determine if his plea was made knowingly, intelligently, and supported by a factual basis before it accepted his plea. *See* Iowa R. Crim. P. 2.8(2)(b). Therefore, he claims his counsel was ineffective for failing to file a motion in arrest of judgment.

A trial court shall not accept a defendant's guilty plea without "first determining that the defendant's plea is made voluntarily and intelligently and has a factual basis." Iowa R. Crim. P. 2.8(2)(b). If the offense is an aggravated or serious misdemeanor, the court, with the defendant's consent, may waive the personal in-court colloquy required by the rule. Iowa R. Crim. P. 2.8(2)(b)(5); *State v. Meron*, 675 N.W.2d 537, 543 (Iowa 2005). "The waiver language of rule 2.8(2)(b) only means the full in-court colloquy can be waived and the written plea can serve to establish substantial compliance with the rule." *Meron*, 675 N.W.2d at 543.

Our court has dealt with multiple cases in recent years involving similar ineffective-assistance claims. *See, e.g.*, *State v. Bland*, No. 13-2061, 2015 WL 5278926, at *1–2 (Iowa Ct. App. Sept. 10, 2015) (finding defendant's signed written plea, which included rule 2.8(2)(b) factors and a statement of the factual basis, plus the court's explicit acceptance of the plea, complied with rule 2.8(2)(b) and counsel was not ineffective); *State v. Putney*, No. 14-0433, 2015 WL 1331837, at *4 (Iowa Ct. App. Mar. 25, 2015) (finding defendant's written guilty plea, which included rule 2.8(2)(b) language, and the district court's acceptance of the plea in a written order was in compliance with rule 2.8(2)(b) and counsel was not ineffective); *State v. Earnest*, No. 13-0388, 2014 WL 472036, at *2–3 (Iowa Ct. App. Feb. 5, 2014) (finding when defendant's unsigned written guilty

plea did not contain a waiver of rights or substantially comply with the rule 2.8(2)(b) language, and the district court did not acknowledge the plea at sentencing, the sentencing was not in compliance with rule 2.8(2)(b) and counsel provided ineffective assistance by failing to file a motion in arrest of judgment); *State v. MacGregor*, No. 03-1136, 2004 WL 792848, at *1–2 (Iowa Ct. App. Apr. 14, 2004) (finding a guilty plea lacking the requisite rule 2.8(2)(b) language, no indication the district court accepted the plea, and no indication the rule 2.8(2)(b) requirements were satisfied in any other fashion, was not in compliance with rule 2.8(2)(b) and counsel provided ineffective assistance by failing to file a motion in arrest of judgment).

Here, Dent signed a written guilty plea containing language in compliance with rule 2.8(2)(b) and a brief statement of the factual basis for his offense. The district court accepted the written guilty plea by indicating its order was based on the plea agreement. For the same reasons articulated in *Bland* and *Putney*, we find the evidence in the record shows substantial compliance with the requirements of rule 2.8(2)(b), and therefore Dent's counsel had no duty to file a motion in arrest of judgment. We deny Dent's ineffective-assistance-of-counsel claim.

**AFFIRMED.**