## IN THE COURT OF APPEALS OF IOWA

No. 15-0696
Filed June 15, 2016

**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**TODD CHRISTOPHER MANN,**
       Defendant-Appellant.
_____

       Appeal from the Iowa District Court for Bremer County, Peter B. Newell, District Associate Judge.


       Todd Mann appeals his conviction and sentence following the entry of his written guilty plea to driving while barred.  **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**


       Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellant.

       Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.


       Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Todd Mann challenges his written plea of guilty to driving while barred. He claims that because he did not initial certain paragraphs on the written guilty plea form he signed, he did not waive the requirement that the district court address him personally in open court to inform him of, and determine that he fully understood, his rights under the Iowa Rules of Criminal Procedure and the Iowa Constitution. Because he failed to file a motion in arrest of judgment, we find he did not preserve error on this issue. We therefore affirm his conviction.

Mann also argues he was improperly sentenced because the court failed to give sufficient reasons for his sentence on the record or in the court's written sentencing order. Because we cannot conclude the district court adequately stated its reasons for the sentence it imposed on the record as required under Iowa Rule of Criminal Procedure 2.23(3)(d), we vacate his sentence and remand for resentencing.

## I. *Background Facts and Proceedings.*

In August 2014, Mann was stopped for speeding. According to the minutes of testimony, Mann admitted to the officer his driver's license had been suspended. Mann was subsequently arrested and charged by trial information with driving while barred, an aggravated misdemeanor. Mann pled not guilty.

In February 2015, a pretrial conference was held. The court was advised Mann would be filing a written plea of guilty, and the court scheduled a plea hearing for April 14, 2015. Thereafter, in March 2015, Mann filed a written guilty plea to the charge. The written plea form had fifteen numbered paragraphs with a blank line to the left of each numbered paragraph for Mann to place his initials.

Mann placed his intials next to all but three of the paragraphs. Relevant here,

Mann placed his initials next to paragraph number eight, which stated:

> I understand that Iowa Rule of Criminal Procedure 2.8(b) [sic[1]] provides that the Court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> A. The nature of the charge to which the plea is offered.
>
> B. The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> C. That the defendant has the right to be tried by a jury, and at trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> D. That if the defendant pleads guilty, there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

However, the three paragraphs that followed were not initialed by Mann:

_____ 9. I also understand that the court may, in its discretion and with my approval, waive the procedure set out in Rule 2.8.

_____ 10. I hereby approve of the court's waiving the procedure set out in Rule 2.8.

_____ 11. I understand that upon my plea of guilty, the County Attorney will recommend the following sentence(s):
30 days in jail, waive fine, court costs. I will ask for fewer days in jail, and request that I may serve my jail time in Linn County.

Mann placed his intials next to the remaining paragraphs on the form. At the end of the form, Mann signed and dated the agreement. Mann's attorney also signed the form.

---

[1] Presumably this is intended to reference rule 2.8(2)(b).

The plea hearing was held as scheduled.[2] The court entered its judgment accepting Mann's guilty plea. The court ordered Mann to serve thirty days in jail and assessed various fines and fees. The court stated it chose the sentence imposed "for the protection of society, rehabilitation of [Mann], and the further reasons stated by the court on the record." The hearing was not reported.[3] Mann now appeals.

## II. Standard of Review.

We review a claim of error in a guilty plea proceeding for correction of errors at law. *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004); *see also* Iowa R. App. P. 6.907. However, we review sentencing orders for an abuse of discretion. *See State v. Hill*, ___ N.W.2d ___, ___, 2016 WL 1612950, at *2 (Iowa 2016).

## III. Error Preservation.

In order to challenge a guilty plea on appeal, a defendant must file a motion in arrest of judgment. *See Meron*, 675 N.W.2d at 540 ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."); *see also* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's

---

[2] Mann asserts no in-court hearing was conducted. The record before us indicates otherwise, as the district court's order of judgment and sentence states Mann "appears personally" with his attorney. Mann has not provided any evidence to the contrary.
[3] We have found the verbatim-record requirement of rule 2.8(3) can be waived by a defendant. *See, e.g.*, *State v. Ross*, No. 13-0686, 2014 WL 3928878, at *2 (Iowa Ct. App. Aug. 13, 2014); *State v. Ware*, No. 13-0465, 2014 WL 1245330, at *3 (Iowa Ct. App. Mar. 26, 2014); *State v. Carr*, No. 12-2164, 2014 WL 667686, at *1 (Iowa Ct. App. Feb. 19, 2014). However, in those cases, the written guilty pleas specifically referenced rule 2.8(3) and noted the defendant was waiving the verbatim-record requirement. Here, unlike those cases, the written guilty plea signed by Mann does not explicitly state he was waiving rule 2.8(3), which we find particularly troubling. Nevertheless, Mann does not challenge his waiver—or lack thereof—of rule 2.8(3), and we do not address it further.

failure to challenge the adequacy of a guilty-plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such callenge on appeal."). However, before we will penalize a defendant for failing to file a motion in arrest of judgment, the district court must have informed the defendant of the obligation to file the motion and the consequences of failing to file the motion. *See Meron*, 675 N.W.2d at 540; *see also* Iowa R. Crim. P. 2.8(2)(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."). Substantial compliance with the rule is mandatory. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

Mann argues that despite his failure to move in arrest of judgment, his challenge to the plea proceedings is properly before this court. He claims the court failed to personally inform him that he could file a motion in arrest of judgment and the consequenses of failing to do so. Without a record of the hearing, we are unable determine whether the court personally informed Mann of the motion-in-arrest-of-judgment requirements as required by rule 2.8(2)(d). However, Mann pled guilty to an aggravated misdemeanor,

> and in such proceedings it is "unnecessary . . . for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion in arrest of judgment requirements." *Meron*, 675 N.W.2d at 541. Instead, a written waiver filed by the defendant can be sufficient. *Id.* A defendant's written plea or waiver can foreclose an appeal when it complies with rule 2.8(2)(d). *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002) (per curiam) (concluding that defendant failed to preserve error because he did not file a motion in arrest of judgment when his written plea clearly stated that a failure to file such a motion would bar any challenge to his plea on appeal). Yet

regardless of whether the information is imparted through a colloquy or a written plea, the defendant must be made aware of the substance of rule 2.24(3)(a).

*Fisher*, 877 N.W.2d at 680-81; *see also State v. Thacker*, 862 N.W.2d 402, 411 (Iowa 2015) ("[T]he district court, with the defendant's consent, may waive the in-court colloquy otherwise required by [rule] 2.8(2)(b).").

Paragraph fourteen of Mann's written guilty plea, which he initialed, states:

I further understand that if I wish to challenge this guilty plea, I must file a Motion in Arrest of Judgment not later than forty-five (45) days after entry of my plea and also at least five (5) days before the date set for sentencing *and that failure to so file such a challenge shall preclude the right to assert them on appeal*. I also understand I have a right to a 15-day delay before being sentenced. I waive these rights and request that judgment and sentence be pronounced upon receipt of this plea.

(Emphasis added.) This statement substantially complies with the requirements of rule 2.8(2)(d). *See, e.g.*, *State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) (finding court's colloquy conveying same information to Straw "substantially complied with the requirements of rule 2.8(2)(d)"); *Barnes*, 652 N.W.2d at 467-68 (finding nearly identical language in Barnes's written guilty plea to an aggravated misdemeanor was "a valid written waiver" of his right to an in-court colloquy "and thus trigger[ed] the bar that rule 2.24(3)(a) imposes to challenging a guilty plea on appeal"). Mann was made aware of the substance of rule 2.24(3)(a). The lack of a motion in arrest of judgment, coupled with Mann's written waiver, forecloses an appeal.

In an attempt to sidestep this impediment, Mann asserts error was preserved because he did not initial paragraphs nine and ten on the plea form, and he, therefore, did not waive the in-court personal-colloquy-plea procedure

set forth in rule 2.8(2)(b). First, although the plea form is not nearly as precise as it could have been, we believe the reference to "Rule 2.8" in paragraphs nine and ten refers only to the requirements of rule 2.8(2)(b), which were set forth in the paragraph immediately preceeding them—paragraph eight. So, even if we were to somehow construe Mann's failure to intial paragraphs nine and ten to be a lack of waiver—despite Mann having signed the document as a whole and despite the fact that paragraphs nine and ten were not stricken—we could not construe the failure to initial paragraphs nine and ten to be a lack of waiver to the requirements of rule 2.8(2)(d). Second, and more importantly, Mann *did* intial paragraph fourteen, the paragraph that specifically informed him that failure to file a motion in arrest of judgment would preclude him from challenging his guilty plea on appeal—the substance of rule 2.24(3)(a). Additionally, paragraph fourteen states: "I waive theses rights and request that judgment and sentence be pronounced upon receipt of this plea." Mann's argument that error was preserved is wholly without merit.

Mann failed to preserve error to challenge his guilty plea because he did not file a motion in arrest of judgment when his written plea clearly advised him that a failure to file such a motion would bar any challenge to his plea on appeal. Consequently, we affirm his conviction for driving while barred.

### *IV. Sentence.*

Mann also argues he was improperly sentenced because the court failed to give sufficient reasons for his sentence on the record or in the court's written sentencing order. "Errors in sentencing, including contentions the trial court failed to articulate adequate reasons for a particular sentence, 'may be

challenged on direct appeal even in the absence of an objection in the district court.'" *Thacker*, 862 N.W.2d at 405 (citation omitted).

Iowa Rule of Criminal Procedure 2.23(3)(d) requires the court to "state on the record its reason for selecting the particular sentence." *See also Hill*, 2016 WL 1612950, at *3. This procedure "ensures defendants are well aware of the consequences of their criminal actions" and "affords our appellate courts the opportunity to review the discretion of the sentencing court." *Id.* (citation omitted). If the court's reasons for its sentencing decision "are obvious in light of the statement and the record before the court," a "terse and succinct statement" may be sufficient. *Thacker*, 862 N.W.2d at 408. Nevertheless, if the defendant waives the reporting of the sentencing hearing, the court must include in the written order the reasons for the sentence. *See State v. Thompson*, 856 N.W.2d 915, 920-21 (Iowa 2014). "[B]oilerplate language, standing alone, is insufficient to satisfy Iowa Rule of Criminal Procedure 2.23(3)(d)." *Thacker*, 862 N.W.2d at 410.

Here, we cannot conclude the district court adequately stated its reasons for the sentence it imposed on the record as required under Iowa Rule of Criminal Procedure 2.23(3)(d). *See id.* The court's order only set forth boilerplate language—the protection of society and rehabilitation of the defendant—and referred to "the further reasons stated by the court on the record" to explain its sentencing decision. *See id.* (holding "The Plea Bargain" was not a sufficient reason for a sentence when the record did not reflect the parties' agreement). In this case, there is no record beyond the sentencing order, and we consequently cannot determine what "motivated the district court

to enter a particular sentence." *See id.* We therefore vacate the sentence and remand the matter to the district court for further proceedings. On remand, there is no requirement the district court arrive at a different sentence, but only that it satisfy the requirements of Iowa Rule of Criminal Procedure 2.23(3)(d), as described by the Iowa Supreme Court in *Hill*, 2016 WL 1612950, at *5 ("We encourage sentencing courts to give more detailed reasons for a sentence specific to the individual defendant and crimes and to expressly refer to any applicable statutory presumption or mandate."), *Thacker*, 862 N.W.2d at 410 ("On remand, if the district court determines it merely gave effect to the parties' agreement and exercised no discretion in sentencing other than to accept the plea agreement as advanced by the parties, it should make the particulars of the plea agreement with respect to the sentence a part of the record."), and *Thompson*, 856 N.W.2d at 921 ("In this age of word processing, judges can use forms . . . to check the boxes indicating the reasons why a judge is imposing a certain sentence. If the choices in the order need further explanation, the judge can do so by writing on the order or adding to the order using a word processing program. If the sentencing order does not have boxes similar to the ones in this case, the judge can use his or her word processor to insert the reasons for a particular sentence.").

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**