# IN THE COURT OF APPEALS OF IOWA

No. 16-0681
Filed October 26, 2016

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**KEENAN COLEMAN,**
     Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Nathan A. Callahan, District Associate Judge.

Defendant appeals his conviction for domestic abuse causing bodily injury, second offense. **AFFIRMED.**

Michael J. Jacobsma of Jacobsma & Clabaugh, P.L.C., Sioux Center, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

Keenan Coleman appeals his conviction for domestic abuse causing bodily injury, second offense. We find Coleman was not informed of the necessity to file a motion in arrest of judgment in order to challenge his guilty plea on appeal, and therefore, he is not precluded from challenging the plea. Additionally, we conclude Coleman has failed to show his guilty plea was not knowing and voluntary, even though he was not informed of his constitutional right to testify in his own defense. We affirm his conviction.

## I. Background Facts & Proceedings

Coleman was charged with domestic abuse assault causing bodily injury, third offense, and possession of marijuana. When Coleman was arrested for striking his girlfriend, officers found a baggy of marijuana in his pocket.

Coleman entered a written guilty plea to the reduced charge of domestic abuse assault causing bodily injury, second offense, in violation of Iowa Code section 708.2A(3)(b) (2015), an aggravated misdemeanor. The State agreed to dismiss the charge of possession of marijuana. The parties agreed Coleman would be sentenced to two years in prison. The district court accepted Coleman's plea and sentenced him in accordance with the plea agreement. Coleman now appeals.

## II. Motion in Arrest of Judgment

Coleman did not file a motion in arrest of judgment. Iowa Rule of Criminal Procedure 2.24(3)(a) provides, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Under rule 2.8(2)(d), a

defendant must be advised "that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal." If a defendant has not been informed of the requirements of rule 2.8(2)(d), the defendant is not precluded from challenging a guilty plea on appeal. *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004).

In the case of serious or aggravated misdemeanors, a written waiver which reflects a defendant's knowledge of the requirements to file a motion in arrest of judgment is sufficient. *Id.* Coleman's written guilty plea stated:

> I have discussed with my attorney and understand that to contest the adequacy of my guilty plea, I must do so within forty-five (45) days from the entry of plea and no later than five (5) days prior to sentencing by a Motion in Arrest of Judgment, as provided in Iowa Rule of Criminal Procedure 2.24(3). I hereby WAIVE/DO NOT WAIVE this right.

The first alternative, "WAIVE," was circled.

The written guilty plea does not show Coleman was informed his failure to file a motion in arrest of judgment would preclude his ability to challenge the guilty plea on appeal. We determine there was not substantial compliance with the notification requirements of rule 2.8(2)(d). *See State v. Fisher,* 877 N.W.2d 676, 681 (Iowa 2016) (noting we employ a substantial compliance standard in determining whether the requirements of rule 2.8(2)(d) have been met). We conclude Coleman is not precluded from challenging his guilty plea on appeal.

### III. Voluntariness of Plea

Coleman claims his guilty plea was not knowing and voluntary because he was not informed of his constitutional right to testify in his own defense. He

states testifying at trial was the only way he could assert a defense. Coleman claims if he had been advised of his constitutional right to testify he would have insisted on going to trial.

Rule 2.8(2)(b) sets forth the rights a defendant must be informed of during guilty plea proceedings. There is no requirement in rule 2.8(2)(b) to inform the defendant of the right to testify in his own defense. It is true a defendant has a constitutional right to testify at his trial and the right may be voluntarily waived. *Ledezma v. State*, 626 N.W.2d 134, 146 (Iowa 2001). However, "the court ha[s] no obligation to sua sponte confirm on the record that the defendant ha[s] knowingly and voluntarily waived his constitutional right to testify." *State v. Reynolds*, 670 N.W.2d 405, 413 (Iowa 2003); *see also Schertz v. State*, 380 N.W.2d 404, 414, 15 (Iowa 1985) (noting the Iowa Rules of Criminal Procedure do not require a colloquy to determine whether a defendant has voluntarily waived the right to testify on his own behalf).

We determine there was no requirement for Coleman to be informed of his constitutional right to testify in his own defense prior to entering a guilty plea. We conclude Coleman has failed to show his guilty plea was not entered knowingly, intelligently, and voluntarily because he was not informed of his constitutional right to testify in his own defense.

We affirm Coleman's conviction.

**AFFIRMED.**