# IN THE COURT OF APPEALS OF IOWA

No. 14-0561
Filed November 23, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**ERIC GENE THOMPSON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.

        Defendant challenges his convictions for felony eluding and operating

while intoxicated.  **AFFIRMED.**

        John P. Beauvais Jr., of Deck law L.L.P., Sioux City, for appellant.

        Thomas J. Miller, Attorney General, and Kristin Guddall, Assistant

Attorney General, for appellee.

        Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

Eric Thompson pleaded guilty to felony eluding and operating while intoxicated, second offense. In this appeal, Thompson challenges his convictions, contending his plea was not intelligently made and this matter must be remanded because the district court failed to advise him of the surcharges to be imposed for each offense. We affirm the defendant's convictions.

Iowa Rule of Criminal Procedure 2.8(2)(b) requires the district court, before accepting a plea of guilty, to advise the defendant of certain information to make sure the defendant's guilty plea is intelligently made. As relevant here, the district court must advise the defendant of "[t]he mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered." Iowa R. Crim. P. 2.8(2)(b)(2). In *State v. Fisher*, 877 N.W.2d 676, 686 n.6 (Iowa 2016), the supreme court held "actual compliance with rule 2.8(2)(b)(2) requires disclosure of all applicable . . . surcharges" associated with the offense to which the plea is offered. The court declined to decide "whether failure to disclose the surcharges alone would have meant the plea did not substantially comply with rule 2.8(2)(b)(2)." *Id.*

We cannot resolve the question left open in *Fisher*, however, because Thompson's claim is not preserved for our review. Generally, "[a] defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). The rule precluding appellate relief does not apply where the plea court failed to advise the defendant "during the plea

proceedings, as required by rule 2.8(2)(d), that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal." *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). Here, Thompson did not file a motion in arrest of judgment, but he contends the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(d) and inform him the failure to file a motion in arrest of judgment would preclude him from challenging his guilty plea on appeal. *See State v. Loye*, 670 N.W.2d 141, 149–50 (Iowa 2003). Thompson's claim is belied by the record. The district court explicitly told Thompson if he "would ever want to challenge" his guilty plea, he would have to timely file a motion in arrest of judgment. The district court's use of the word "ever" communicated to the defendant "all avenues for challenging the plea were being cut off." *Fisher*, 877 N.W.2d at 681. The district court's advisory substantially complied with Rule 2.8(2)(d). *See State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) ("We employ a substantial compliance standard in determining whether a trial court has discharged its duty under rule 2.8(2)(d)."); *State v. Camp*, No. 11-1331, 2012 WL 2407675, at *2 (Iowa Ct. App. June 27, 2012) (holding advisory "if you don't file such a motion, then you are precluded from ever attacking the guilty plea" substantially complied with Rule 2.8(2)(d)).

We affirm the defendant's convictions without further opinion. *See* Iowa Ct. R. 21.26(1)(a) and (e).

**AFFIRMED.**