# IN THE COURT OF APPEALS OF IOWA

No. 16-1407
Filed August 2, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**LOREN ANTON GOODWIN,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Boone County, Paul G. Crawford, District Associate Judge.

A defendant appeals his guilty plea. **REVERSED AND REMANDED.**

Andrew J. Boettger of Hastings, Gartin & Boettger, L.L.P., Ames, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., Doyle, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**VOGEL, Presiding Judge.**

Loren Goodwin appeals his conviction following his guilty plea to driving while barred as a habitual offender, in violation of Iowa Code sections 321.560 and 321.561 (2016). Goodwin claims his plea was not knowing and voluntary because he was not fully advised about the consequences of his plea.

## I.    Background Facts and Proceedings

On February 26, 2016, the State charged Goodwin with operating a motor vehicle while barred as a habitual offender. On May 13, 2016, Goodwin agreed to plead guilty; in exchange, the State agreed to recommend a sentence of ninety days of work release. The written plea of guilty signed by Goodwin disclosed the maximum prison sentence and the maximum and minimum fine Goodwin faced, but it did not disclose the applicable criminal surcharge on the fine.[1] On July 27, the district court entered and sentenced Goodwin to one year in jail with all but ninety days suspended. The court suspended the applicable fine and surcharge.

Goodwin appeals.

## II.    Standard of Review

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016).

---

[1] Goodwin also challenges his plea because the plea form did not disclose court costs or the revocation of his driver's license. As we reverse based on Goodwin's surcharge claim, we decline to address these issues.

### III. Guilty Plea

#### A. Error Preservation

In order to challenge a guilty plea on direct appeal, a defendant must normally file a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.8(d) ("The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."). "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Iowa R. Crim. P. 2.24(3)(a); *see also State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."). However, this bar does not apply when a defendant is not given an adequate motion-in-arrest-of-judgment advisory. *Fisher*, 877 N.W.2d at 680.

Here, the State concedes Goodwin was not adequately advised about the consequences of failing to file a motion in arrest of judgment. Upon our review of the written plea agreement, we concur. Thus, Goodwin may challenge his guilty plea on direct appeal. *See id.*

#### B. Merits

Goodwin claims that his guilty plea was not knowing and voluntary because he was not fully advised about the consequences of his plea, specifically, the applicable surcharge that applied to the fine he was potentially subject to.

In *Fisher*, our supreme court determined that defendants must be informed of surcharges because surcharges are part of the maximum possible punishment under rule 2.8(2)(b)(2).[2] *Id.* at 685–86. Yet, the court left open the question whether failure to fully inform a defendant about the applicable surcharges on its own renders a guilty plea unknowing and involuntary:

> Because we are vacating Fisher's plea and sentence and remanding for further proceedings anyway based on failure to disclose the mandatory license suspension, we need not decide today whether failure to disclose the surcharges alone would have meant the plea did not substantially comply with rule 2.8(2)(b)(2). Regardless, we hold that actual compliance with rule 2.8(2)(b)(2) requires disclosure of all applicable chapter 911 surcharges.

*Id.* at 686 n.6. Thus, in this case, we must decide whether Goodwin's plea substantially complied with rule 2.8(2)(b)(2) despite the failure to disclose the applicable surcharge.

"Under the substantial-compliance standard, a trial court is not required to advise a defendant of his rights using the precise language of the rule; it is sufficient that the defendant be informed of his rights in such a way that he is made aware of them." *State v. Myers*, 653 N.W.2d 574, 578 (Iowa 2002). "Substantial compliance requires that the essence of each requirement of the

---

[2] Rule 2.8(2)(b) provides:

> *b. Pleas of guilty.* The court may refuse to accept a plea of guilty, and shall not accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> . . . .
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

rule be expressed to allow the court to perform its important role in each case."
*Meron*, 675 N.W.2d at 544.

Goodwin's written plea did inform him of the minimum and maximum fine, but it omitted the increase caused by application of the mandatory surcharge. The omission resulted in Goodwin being misinformed as to the potential total minimum and maximum amount he may have been required to pay. *See State v. Kress*, 636 N.W.2d 12, 21–22 (Iowa 2001) (holding failure to inform defendant about possible partial waiver of mandatory minimum sentence "was tantamount to a failure to advise her of the maximum possible punishment"). As Goodwin was not fully informed as to the mandatory surcharge attached to the minimum and maximum possible fine that could be imposed following his guilty plea, we conclude the plea was not knowing and voluntary.

## IV.    Conclusion

Because we conclude Goodwin's plea was not knowing and voluntary, we vacate his conviction and remand for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**

Goodhue, S.J., concurs; Doyle, J., dissents.

**DOYLE**, **Judge** (dissenting)

I respectfully dissent for the reasons articulated in the dissent in *State v. Weitzel*, No. 16-1112, 2017 WL 1735743, at *11-17 (Iowa Ct. App. May 3, 2017).