**IN THE COURT OF APPEALS OF IOWA**

No. 16-1957
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**NICHOLAS LAVERN GASTON,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Black Hawk County, Kellyann M.

Lekar, Judge.

        Nicholas Gaston appeals his conviction following a guilty plea.

**AFFIRMED.**

        Thomas M. McIntee, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Kelli A. Huser, Assistant Attorney

General, for appellee.

        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Pursuant to a plea agreement, Nicholas Gaston pled guilty to the charges of trespass causing injury, fourth-degree criminal mischief, and assault causing bodily injury, all serious misdemeanors.[1] Gaston appealed his convictions following the imposition of sentence. He contends his guilty plea was not voluntary and intelligent because (1) the district court improperly influenced him into accepting the State's plea offer and his trial counsel was ineffective in failing to shield him from the court's influence and (2) the district court failed to advise him at the plea proceeding of the statutory surcharge contained in Iowa Code section 911.1 and his trial counsel was ineffective in allowing the error. *See* Iowa R. Crim. P. 2.8(2)(b) (disallowing the acceptance of guilty pleas unless they are "made voluntarily and intelligently").

At the end of the guilty plea colloquy, the district court advised Gaston of his right to file a motion in arrest of judgment if he wanted to challenge the guilty plea for any reason. Gaston told the court he understood that right and expressly waived that right in order to proceed to immediate sentencing. By failing to file a motion in arrest of judgment, Gaston did not preserve error on either of his plea-related arguments. *See id.* r. 2.24(3) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *see also id.* r. 2.8(2)(d) (requiring courts to advise defendants of the motion-in-arrest-of-judgment obligation); *State v. Meron*, 675 N.W.2d 537, 540–41 (Iowa 2004). We next consider both arguments under an ineffective-assistance-of-counsel rubric,

---

[1] *See* Iowa Code §§ 708.1, .2(2), 716.1, .6(1)(a)(1), .7(2)(a), .8(2) (2016).

claims Gaston makes which are not subject to our traditional error-preservation rules. *State v. Fountain*, 786 N.W.2d 260, 262–63 (Iowa 2010); *see State v. Brooks*, 555 N.W.2d 446, 448 (Iowa 1996).

We review claims of ineffective assistance of counsel de novo. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017). Such claims require a showing, by a preponderance of the evidence, both that counsel breached an essential duty and prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "'[T]he court may consider either the prejudice prong or the breach of duty first, and failure to find either one will preclude relief.'" *McNeal*, 897 N.W.2d at 703 (alteration in original) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)). If we find the record inadequate to decide the claims on direct appeal, we will affirm the conviction but must preserve the claims for possible postconviction-relief proceedings. *State v. Johnson*, 784 N.W.2d 192, 198 (Iowa 2010); *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "Only in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *Straw*, 709 N.W.2d at 133.

Gaston was originally charged with first-degree burglary, a class "B" felony, and fourth-degree criminal mischief, a serious misdemeanor. *See* Iowa Code §§ 713.1, .3(1)(c), 716.1, .6(1)(a)(1). Prior to the commencement of trial, Gaston rejected the State's plea offer, the acceptance of which would have reduced count one to second-degree burglary. On the third day of trial, the State made a new offer with two options, one of which required Gaston to plead guilty to trespass causing injury, fourth-degree criminal mischief, and assault causing bodily injury. After Gaston rejected both options, the court made multiple

statements urging Gaston to strongly consider one of the plea options. Gaston restated his desire to reject the offer and continue with the trial, which the court accepted. Following a brief recess, Gaston's attorney advised the court Gaston had decided to accept the State's plea offer. Gaston ultimately pled guilty to the amended charges and requested immediate sentencing. During the plea proceeding, Gaston was advised he "would be fined $315 for each offense, plus surcharges," and he responded in the affirmative when the court asked him if he understood he would be responsible for "payment of any related surcharges." He was not advised that one of the surcharges would amount to thirty-five percent of the fines on each count. *See* Iowa Code § 911.1(1) (requiring the imposition of a thirty-five percent surcharge in all matters in which a court imposes a fine for a violation of state law); Iowa R. Crim. P. 2.8(2)(b)(2) (requiring court to inform the defendant of the "mandatory minimum punishment" and the "maximum possible punishment" before accepting a guilty plea); *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016) (concluding a defendant must be advised in a guilty plea proceeding "of the mandatory minimum and maximum possible fines, including surcharges").

Gaston's appellate brief is replete with arguments concerning why his counsel's alleged failures to correct the court's supposed errors amounted to breaches of duty. He complains his right to due process was violated and makes a claim he did not make a voluntary, intelligent, and knowing plea. He implies that but for counsel's failure to object to the district court's improper influence and failure to advise him of an applicable surcharge, he would not have entered a guilty plea and would have instead proceeded to verdict. *See Straw*, 709 N.W.2d

at 138 ("[I]n order to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial."). He provides us with no specific reasoning as to why he would have proceeded through trial had these alleged errors not been allowed by his counsel. A conclusory claim that a defendant would have proceeded with trial if an error had not occurred "is not a sufficient assertion of prejudice." *State v. Myers*, 653 N.W.2d 574, 579 (Iowa 2002).

In any event, we find the record inadequate to decide whether Gaston was prejudiced in relation to either of his claims on direct appeal. With regard to Gaston's claim counsel was ineffective in failing to shield him from the court's improper influence, there is nothing in the record to indicate what discussions occurred between Gaston and his counsel prior to his final decision to accept the State's plea offer. "Such evidence could be a significant part of our prejudice analysis." *Straw*, 709 N.W.2d at 138. In relation to Gaston's claim counsel was ineffective for not objecting to the court's failure to advise him of the statutory surcharge contained in Iowa Code section 911.1, the State insists there is no reasonable probability Gaston would have insisted on proceeding with trial had a specific advisement of the surcharge amounts been made. We maintain a course we recently clarified, that the "circumstances underlying . . . the defendant's willingness to go to trial are facts that should be permitted to be more fully developed." *State v. Delacy*, No. 16-0827, 2017 WL 1735684, at *4 (Iowa Ct. App. May 3, 2017); *see also State v. Iddings*, No. 15-1597, 2017 WL 2464049, at *5 (Iowa Ct. App. June 7, 2017); *State v. Bascom*, No. 15-2173,

2017 WL 1733115, at *1 (Iowa Ct. App. May 3, 2017); *State v. Taylor*, No. 16-0762, 2017 WL 1735682, at *1–2 (Iowa Ct. App. May 3, 2017).

Because we find the record inadequate to address Gaston's claims on direct appeal, we affirm his conviction and preserve his ineffective-assistance claims for potential postconviction-relief proceedings.

**AFFIRMED.**