STATE of Iowa, Appellee,

v.

Kathy Anne MERON, Appellant.

No. 02–1588.

Supreme Court of Iowa.

Feb. 25, 2004.

Linda Del Gallo, State Appellate Defender, and Robert P. Ranschau, Assistant State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Bridget A. Chambers, Assistant Attorney General, Thomas J. Ferguson, County At-

torney, and Sue Swan, Assistant County Attorney, for appellee.

CADY, Justice.

This appeal requires us to decide whether a plea of guilty was properly entered in a criminal case and whether the challenge to the plea was properly preserved for appellate review. Upon our review, we vacate the decision of the court of appeals, reverse the judgment and sentence of the district court, and remand the case for further proceedings.

## I. Background Facts and Proceedings.

Kathy Meron was arrested for shoplifting at a Younkers store in Black Hawk County. She was charged by trial information with theft in the third degree, an aggravated misdemeanor. Iowa Code § 714.1, .2(3) (2001). During the pendency of the action, Meron was again arrested for shoplifting. This arrest occurred at a Wal–Mart store in Cedar Falls. The police also discovered a controlled substance in her purse, apparently during a search incident to the arrest. She was charged by a second trial information with theft in the third degree and possession of a controlled substance, second offense, an aggravated misdemeanor. *Id.* §§ 714.1, .2(3), 124.401(5).

A few months later, Meron appeared in district court with her attorney for a dispositional hearing on two probation revocation proceedings arising from prior criminal convictions. She also requested to enter pleas of guilty to the pending theft and possession of controlled substance charges. After the district court was informed that Meron had not prepared written pleas of guilty, the following exchange occurred:

THE COURT: Ms. Meron, before I proceed with your guilty plea, there are several things that I must first determine on the record. However, because this is an aggravated misdemeanor and because you are represented by an attorney, I may somewhat abbreviate these proceedings and the questioning that I must go through in order to make my determinations, if I have your permission to do so. May I have your permission to do so?

THE DEFENDANT: Yes.

THE COURT: Ms. Meron, have you been over with your attorney the nature of the charge which has been made against you as well as the maximum and minimum penalties to which you subject yourself by entering this plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand what you're charged with and what the maximum possible penalties are?

THE DEFENDANT: Yes, sir.

THE COURT: Have you also been over with your attorney the constitutional rights that you waive by entering a plea of guilty?

THE DEFENDANT: Pretty much so, yes.

THE COURT: Well, pretty much isn't good enough.

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand those rights?

THE DEFENDANT: Yes.

THE COURT: And do you have any questions about them at this time?

THE DEFENDANT: No, sir.

THE COURT: Mr. Dubbert, do you believe that you've gone over with your client all of her constitutional rights that she waives by entering a plea of guilty?

MR. DUBBERT: I do, Your Honor.

THE COURT: And do you believe she understands those rights and is making a voluntary and intelligent waiver of those rights?

MR. DUBBERT: Yes, Your Honor.

The district court was then informed of a plea agreement concerning concurrent sentencing and recommendations for treatment. These matters were thoroughly discussed with Meron. The district court next inquired into the voluntary nature of the pleas. The district court made this inquiry by asking Meron if she understood that there would be no trial, and by explaining the maximum sentences she faced, as well as the details of the plea agreement. Meron acknowledged she understood that there would be no trial and understood the sentences she faced. Meron also admitted the facts underlying the charges. She again acknowledged that her attorney had explained to her the rights she was forfeiting by pleading guilty. Meron then asked to waive time for sentencing and acknowledged she understood she was waiving her right to file a motion in arrest of judgment. She was not, however, informed by the district court of the purpose of the motion or the consequences of failing to file the motion.

The district court accepted the pleas of guilty and sentenced Meron. She filed a timely notice of appeal. On appeal, she claims her pleas were not voluntarily or intelligently made because the district court failed to cover all the requirements of Iowa Rule of Criminal Procedure 2.8(2)(b) before accepting her pleas of guilty.

We transferred the case to the court of appeals. It found the district court failed to substantially comply with rule 2.8(2)(b) in accepting the plea, but concluded Meron waived the plea requirements of the rule by agreeing to the abbreviated procedure used by the district court. The court of appeals affirmed the judgment and sentence. We granted further review.

## II. Scope of Review.

Our review of a claim of error in a guilty plea proceeding is at law. *See* Iowa R.App. P. 6.4.

## III. Error Preservation.

■ The State first claims Meron did not preserve error because she failed to file a motion in arrest of judgment as required by rule 2.24(3)(a). Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal. Iowa R.Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."); *State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980). Yet, this requirement does not apply where a defendant was never advised during the plea proceedings, as required by rule 2.8(2)(d), that challenges to the plea must be made in a motion in arrest of judgment and that the failure to challenge the plea by filing the motion within the time provided prior to sentencing precludes a right to assert the challenge on appeal. *Worley,* 297 N.W.2d at 370.

In this case, Meron never filed a motion in arrest of judgment. Nevertheless, she claims her present challenge to her guilty pleas was not waived because the district court failed to inform her of the procedure to file the motion and the consequences of failing to follow the procedure. The State argues the district court substantially complied with the notification requirements of rule 2.8(2)(d) when Meron acknowledged in open court that her attorney had informed her of the right to file the motion and when she expressed her willingness to waive the right.

We recently clarified the procedure trial courts must follow to inform defendants about making challenges to a plea of guilty under rule 2.8(2)(*d*) in cases involving serious or aggravated misdemeanors. In *State v. Barnes,* 652 N.W.2d 466, 468 (Iowa 2002), we determined that it was unnecessary in misdemeanor cases for the trial court to actually engage in an in-court colloquy with a defendant so as to personally inform the defendant of the motion in arrest of judgment requirements. Instead, we found a written waiver filed by a defendant that properly reflected knowledge of the requirements of rule 2.8(2)(*d*) was sufficient. *Id.*

The State asserts the written waiver exception to an in-court colloquy recognized in *Barnes* should be extended to the situation where the defendant acknowledges in open court, as Meron did in this case, that her right to file a motion in arrest of judgment was explained to her by her attorney. The State argues that *Barnes* can be broadly read to mean that the required information under rule 2.8(2)(*d*) can be imparted to the defendant by means other than a personal colloquy with the defendant, including assurances to the court that counsel for the defendant provided the information to the defendant. In other words, the State wants us to treat an in-court assurance of defense counsel the same as a properly drawn written waiver executed by the defendant. The State suggests this is compatible with the

underlying purpose of the rule that the defendant be informed.[1]

We need not decide if *Barnes* can be extended as urged by the State. Rule 2.8(2)(*d*) clearly imposes two requirements. *See Worley,* 297 N.W.2d at 370. First, the court must "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment." Iowa R.Crim. P. 2.8(2)(*d*). Second, the court must inform the defendant "that failure to so raise such challenges shall preclude the right to assert them on appeal." *Id.* Even considering the assurances that counsel for Meron explained the right to file a motion in arrest of judgment, this guarantee would be insufficient to satisfy the second requirement of rule 2.8(2)(*d*). *See Worley,* 297 N.W.2d at 370. The court never asked Meron if her attorney also discussed the consequences of failing to file a motion. Accordingly, we conclude Meron is not precluded from challenging her plea on appeal.

## IV. Plea Colloquy.

◼ We next address a claim by Meron that the in-court colloquy in support of her guilty plea did not comply with the requirements of rule 2.8(2)(*b*). The State argues the district court substantially complied with the rule, and the failure by the district court to specifically address each specific requirement of the rule was overcome when it confirmed with Meron that

---

1. In *State v. Worley,* 297 N.W.2d 368, 370 (Iowa 1980), the defendant sought to challenge a defect in the guilty plea procedure on appeal. We were required to decide if the defendant's failure to file a motion in arrest of judgment constituted a waiver of the challenge when the district court failed to inform the defendant at the time the plea was entered about the requirements of rule 2.8(2)(*d*) (then numbered as rule 8(2)(d)). The record showed the defendant had been informed by his attorney during the plea proceedings "that

he could file a motion in arrest of judgment," but did not show that anyone informed the defendant of the consequences of failing to file the motion. *Id.* We held the rule required the court to inform the defendant of the need to file a motion in arrest of judgment and the consequences of failing to do so. *Id.* The state's argument suggests that error would not have been preserved in *Worley* if counsel had informed the defendant of *both* the need to file the motion and the consequences.

her attorney had fully discussed with her the trial rights that were lost by pleading guilty.

■ A defendant waives a variety of constitutional rights by pleading guilty to a criminal offense, and it is fundamental that a plea of guilty is valid only if it is given voluntarily, knowingly, and intelligently. *See State v. Hook*, 623 N.W.2d 865, 869 (Iowa 2001), *abrogated in part on other grounds by Barnes*, 652 N.W.2d at 468. Consequently, before accepting a plea of guilty, rule 2.8(2)(*b*) requires the court to determine if the plea is voluntarily and intelligently made and has a factual basis. *State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990). To satisfy this requirement the court is required to make a specific inquiry into a number of matters set forth in the rule.[2] *See id.* at 804–05. Absent a written plea of guilty describing all the matters set forth in the rule, noncompliance with oral requirements of the rule normally constitutes reversible error. *See Hook*, 623 N.W.2d at 871.

■ There was no written plea of guilty filed in this case. Consequently, we look to the in-court colloquy as the source for determining compliance with the require-ments of rule 2.8(2)(*b* ). Substantial compliance is required. *State v. Myers*, 653 N.W.2d 574, 577–78 (Iowa 2002).

■ In this case, the substantial compliance standard was not satisfied. A number of the requirements of the rule were totally ignored. For example, there was nothing said to Meron that conveyed the concept that she could compel the attendance of witnesses at trial or that she could not be forced to incriminate herself. *See State v. Dowis*, 224 N.W.2d 467, 468–69 (Iowa 1974) (waiver of right to confront accusers and privilege against self-incrimination required before plea can be accepted). Moreover, the general confirmation made by the court that counsel for Meron discussed her trial rights with her is insufficient. *See Worley*, 297 N.W.2d at 370. The record must confirm the existence of substantial compliance in listing each right. *See Myers*, 653 N.W.2d at 577–78. We conclude the district court did not substantially comply with rule 2.8(2)(*b* ) in accepting the plea of guilty.

## V. Waiver of Plea Colloquy.

■ The State asserts that the absence in the record of any reference to some of the rights required to be discussed under

---

**2.** Rule 2.8(2)(*b*) provides:

> *b. Pleas of guilty.* The court may refuse to accept a plea of guilty without first determining that the plea is made voluntarily and intelligently and has a factual basis. Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) The nature of the charge to which the plea is offered.
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.
>
> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.
>
> The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor.

rule 2.8(2)(*b*) is not fatal because Meron affirmatively waived the necessity for the court to explain all the requirements of the rule. The State relies upon the following language of rule 2.8(2)(*b*):

> The court may, in its discretion and with the approval of the defendant, waive the above procedures in a plea of guilty to a serious or aggravated misdemeanor.

The State claims waiver occurred in this case when Meron agreed to abbreviate the proceedings. The court of appeals adopted this claim in affirming the judgment and sentence of the district court.

Prior to our decision in *Kirchoff,* we interpreted rule 2.8(2)(*b*) to require the district court to engage in an in-court colloquy with the defendant covering all the requirements of the rule. *See* 452 N.W.2d at 804 (citing *State v. Fluhr,* 287 N.W.2d 857 (Iowa 1980) (use of written plea form does not satisfy rule 2.8(2)(*b*))). In *Kirchoff,* however, we said that the requirements for the court to personally address a defendant to cover the necessary areas of inquiry—now listed under rule 2.8(2)(*b*)— could be satisfied in cases involving pleas of guilty to serious and aggravated misdemeanors by supplementing the in-court colloquy with a written plea that tracked with the language of the rule. *See* 452 N.W.2d at 804–05.

We recognize that the waiver language of rule 2.8(2)(*b*) was a codification of our holding in *Kirchoff. Hook,* 623 N.W.2d at 869. Thus, while the rule embraces the use of written waiver forms, neither *Kirchoff* nor the waiver language of rule 2.8(2)(*b*) diminishes the importance and necessity of the court's role to ensure each plea is voluntary, intelligent, and supported by facts. Instead, they simply recognize that the court, in making its required determination in misdemeanor cases, can use a defendant's written acknowledgement. The language of the waiver portion of the

rule adopted after *Kirchoff* tracks with this approach and explains why it is written to permit the *court* to waive the procedures, subject to the approval of the defendant. *See* Iowa R.Crim. P. 2.8(2)(*b*). It allows the court, upon examination of a written plea, to waive the necessity of a full in-court colloquy. It does not give the defendant the right to waive the means for the court to determine that the plea is voluntarily and intelligently entered.

This background reveals the flaw in the State's argument. There are two separate components of rule 2.8(2)(*b*). *See Myers,* 653 N.W.2d at 577–78. The first concerns the requirement of an in-court colloquy. *See id.* The second concerns the requirement the defendant is informed. *See id.* Although the court in guilty pleas to serious and aggravated misdemeanors can waive the in-court colloquy component, the rule still requires substantial compliance with the requirement that the defendant be informed. The waiver language of rule 2.8(2)(*b*) only means the full in-court colloquy can be waived and the written plea can serve to establish substantial compliance with the rule. We have already determined that there was no substantial compliance in this case.

■■■ We further reject the State's argument that the defendant's consent to an abbreviated proceeding at least supports a relaxation of the substantial compliance standard in those cases, like this case, where the defendant is represented by counsel, the charges are misdemeanors, the defendant acknowledges that counsel explained all rights, and the plea is entered pursuant to a plea bargain which is adopted by the court at sentencing. This approach is completely contrary to the purpose of the rule. Rule 2.8(2)(*b*) was enacted for the purpose of ensuring that all "guilty pleas are made voluntarily, intelligently, and with a factual basis." *Kirchoff,* 452 N.W.2d at 804. The approach

suggested by the State would completely eviscerate the rule, and essentially transform the process of entering guilty pleas into a rubber stamp. *See Hook*, 623 N.W.2d at 870. Substantial compliance requires that the essence of each requirement of the rule be expressed to allow the court to perform its important role in each case. *See Myers*, 653 N.W.2d at 577–78. This role is not subject to waiver under the rule.

## VI. Conclusion.

We conclude the requirements of rule 2.8(2)(*b*) were not met. We vacate the decision of the court of appeals, reverse the judgment and sentence of the district court, and remand the case to the district court for further proceedings to allow the defendant to plead anew.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.**