# IN THE COURT OF APPEALS OF IOWA

No. 16-1545
Filed July 19, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**SHAWN KENYA DUNCAN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.

        A defendant appeals his convictions.  **AFFIRMED.**

        Karmen Anderson of The Law Office of Karmen Anderson, Des Moines,

for appellant.

        Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant

Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**VOGEL, Presiding Judge.**

Shawn Duncan claims his guilty pleas were not knowing and voluntary, and his counsel was ineffective. Specifically, Duncan asserts both the district court and his counsel failed to fully inform him of the consequences of withdrawing his motion in arrest of judgment; he also claims his counsel failed to fully inform him about the terms of his plea.

## I.     Background Facts and Proceedings

On April 21, 2016, the State charged Duncan with possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(b)(7) (2014) and failure to possess a tax stamp, in violation of Iowa Code section 453B.3 and 453B.12. On June 10, Duncan appeared before the district court and agreed to plead guilty to a lesser-included offense of the possession charge and to the tax-stamp violation. At the plea hearing, the State described the terms of the plea agreement:

> Your Honor, the terms of the plea agreement are as follows: That should Mr. Duncan be capable of providing a factual basis to a lesser included count I of the trial information, that being possession of a controlled substance with intent to deliver, a class "C" felony, and to count II of the trial information, that being failure to possess a tax stamp, the State at the time of sentencing will agree, first, to recommend to the court that his probationary matters be resolved by way of credit for time served. The parties then will be free to argue for whatever disposition they deem appropriate with regards to the two counts.
> Obviously, by the State reducing count I from a class "B" felony to a class "C" felony, it gives Mr. Duncan the ability to request a probationary sentence. As presently charged and if convicted, he would not have that opportunity. He would be looking at a mandatory twenty-five-year prison term with the one-third mandatory minimum. So this disposition gives him the ability to make a probationary request to the court. Thank you.

Duncan's counsel agreed that her understanding of the plea agreement was consistent with the State's description. The court then spoke to Duncan:

> THE COURT: Okay. Mr. Duncan, you understand at the time of sentencing ultimately it's the court's decision as to what sentence to impose; is that right?
> THE DEFENDANT: Yes, I do.
> THE COURT: All right. Knowing that, you still want to move forward?
> THE DEFENDANT: Yes, ma'am.
> THE COURT: Okay. So have any threats or promises been made to get you to plead guilty today?
> THE DEFENDANT: No, ma'am.
> THE COURT: Has anyone predicted or guaranteed to you what your sentence will be?
> THE DEFENDANT: No, ma'am.
>  . . . .
> THE COURT: Bond is going to be continued pending sentencing.
> And I need to let you know now, sir, that you do have the right to file something called a motion in arrest of judgment. That means that if you think that we have made an error in this plea colloquy that we've gone through, you file that motion in order to set aside this guilty plea. This is what you need to know about that motion in arrest of judgment, it has to be filed 45 days from today's date but no later than five days before your sentencing or you waive that filing of the motion in arrest of judgment.
> THE DEFENDANT: Yes, ma'am.

At the sentencing hearing on August 1, the State argued for incarceration. Following the State's argument, Duncan's counsel informed the court that Duncan did not believe the State was going to make a recommendation under the terms of the plea agreement:

> My client indicated to me during the State's argument that it was his understanding that the State was not making a recommendation. The—and he is—was not aware of the plea agreement or the terms of the plea agreement and—Judge, I don't know how to proceed. If I can—well, the document that is filed with the court states that the parties are free to argue. I don't want to reveal what my notes say because I believe that is revealing confidences. But the paperwork that was filed with the order that took the plea is consistent with what Mr. Crisp just did, which is make an argument. We intend to

make an argument as well. That is the dispute Mr. Duncan or the misunderstanding that Mr. Duncan has is that he did not believe the State was going to make its own recommendation.

The court continued sentencing for one week so Duncan could fully discuss the issue with counsel. Later that day, Duncan filed a motion in arrest of judgment, claiming his plea was not knowing and voluntary because he did not fully understand the terms of the plea agreement.

On August 23, Duncan, through newly appointed counsel, following the withdrawal of his prior counsel, filed a motion to withdraw his motion in arrest of judgment. One week later, Duncan appeared before the district court and indicated that he wished to withdraw his motion in arrest of judgment and proceed to sentencing:

> THE COURT: . . . Additionally, the court would note that you had originally filed a motion in arrest of judgment in this matter. . . . However, it is my understanding, after reviewing the court file recently, that you are actually withdrawing that motion in arrest of judgment. Is that correct, sir?
> THE DEFENDANT: That is correct, ma'am.
> THE COURT: So it is your intention to withdraw the motion in arrest of judgment previously filed and go directly to sentencing. Is that accurate?
> THE DEFENDANT: That is correct.

The court then proceeded with sentencing.

Duncan appeals.

## II.      Scope and Standard of Review

On appeal, we review challenges to guilty pleas for errors at law. *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). "[W]e review claims of ineffective assistance of counsel de novo." *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).

### III.    Guilty Plea

#### A.    Error Preservation

Iowa Rule of Criminal Procedure 2.8(d) provides: "The court shall inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to so raise such challenges shall preclude the right to assert them on appeal."  "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal."  Iowa R. Crim. P. 2.24(3)(a); *see also State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) ("Generally, a defendant must file a motion in arrest of judgment to preserve a challenge to a guilty plea on appeal."). Yet, when a defendant is not fully advised of the consequences of failing to challenge a plea through a motion in arrest of judgment, rule 2.24(3)(a) does not apply.  *Fisher*, 877 N.W.2d at 680.

Here, while the district court did inform Duncan that he needed to file a motion in arrest of judgment to challenge his guilty pleas, the court never told him "that failure to so raise such challenges shall preclude the right to assert them on appeal."  *See* Iowa R. Crim. P. 2.8(d).  Accordingly, the bar of rule 2.24(3)(a) does not apply, and Duncan may challenge his guilty pleas on appeal.  *See Fisher*, 877 N.W.2d at 680.

#### B.    Merits

Duncan claims that his guilty pleas were not knowing and voluntary because he did not fully understand the terms of the plea agreement, specifically,

that the State would argue for incarceration at sentencing. The State claims Duncan was fully aware of the terms of the plea agreement.

Based on our review of the record, it is clear that, by the time Duncan withdrew his motion in arrest of judgment and opted to proceed with sentencing, he was aware the State was free to argue for incarceration at sentencing. Initially, Duncan was present at the guilty-plea hearing when the State described the terms of the plea agreement, including "the parties then will be free to argue for whatever disposition they deem appropriate with regards to the two counts." Duncan was also informed by the district court when he entered the pleas that, ultimately, the sentence was up to the court. Duncan indicated that he understood and also that he had not been promised or guaranteed a particular sentence. Nevertheless, at the sentencing hearing on August 1, Duncan claimed he was unaware the State was free to argue for incarceration. Later that day, he filed a motion in arrest of judgment seeking to set aside his guilty pleas based on this ground. Yet, Duncan later filed a motion to withdraw his motion in arrest of judgment and indicated that he wished to do so at the sentencing hearing on August 30. By that point, Duncan was undeniably aware the plea agreement allowed the State to argue for incarceration, and he chose to withdraw his motion in arrest of judgment and proceed with sentencing based on his guilty pleas. Accordingly, we affirm the knowing and voluntary nature of Duncan's guilty pleas.

### IV.    Ineffective Assistance of Counsel

Duncan next claims his initial counsel was ineffective in failing to fully inform him about the consequences of his pleas and his substitute counsel for

failing to fully inform him about the consequences of withdrawing his motion in arrest of judgment.

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). "Both elements must be proven by a preponderance of the evidence. However, both elements do not always need to be addressed. If the claim lacks prejudice, it can be decided on that ground alone without deciding whether the attorney performed deficiently." *Ledezma*, 626 N.W.2d at 142 (citations omitted). To show counsel failed to perform an essential duty, "the [defendant] must demonstrate the attorney performed below the standard demanded of a reasonably competent attorney." *Id.* In order to prove prejudice, Duncan must show but for counsel's errors, he would have not pled guilty but would have insisted on going to trial. *See State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006). When a claim of ineffective assistance of counsel is raised on direct appeal, we will only decide it if we determine the record is adequate to resolve the claim. *Id.*

### A. Failure to Fully Inform Duncan About Terms of the Plea Agreement[1]

Duncan alleges his initial counsel failed to inform him that the State was free to argue for incarceration at sentencing and, consequently, he would not have pled guilty had he known of that option.

---

[1] It is not entirely clear from Duncan's brief the quantity or specific substance of his claim/s of ineffective assistance of counsel. Thus, we address the claims that we can delineate.

Assuming without deciding Duncan's counsel did not inform him about the provision in the plea agreement that allowed both sides to argue at sentencing, Duncan cannot demonstrate prejudice. Duncan became aware that both sides were free to argue at sentencing at the plea hearing because that provision was discussed at the plea hearing. Further, Duncan demonstrated his awareness of this provision when he raised it as an issue at the initial sentencing and in his motion in arrest of judgment. Nevertheless, Duncan later chose to withdraw his motion in arrest of judgment and proceed with sentencing rather than going forward and challenge his pleas. Duncan cannot now claim he was prejudiced by not knowing a provision of the plea agreement that he was plainly informed of on the record. We conclude Duncan has not demonstrated a reasonable probability that he would have insisted on going to trial but for his counsel's alleged failure to fully inform him about the terms of the plea agreement. Duncan's claim of ineffective assistance of counsel fails.

**B.     Failure to Fully Inform Duncan About the Consequences of Withdrawing His Motion in Arrest of Judgment**

Duncan next asserts his substitute counsel was ineffective for failing to inform him that withdrawing his motion in arrest of judgment would forego his opportunity to appeal his guilty pleas.

Even if counsel had so failed, Duncan cannot demonstrate prejudice. As discussed earlier in this decision, because the district court did not inform Duncan that failure to file a motion in arrest of judgment would preclude his right to appeal, Duncan is not barred from challenging his guilty pleas on appeal. *See Fisher*, 877 N.W.2d at 680. Thus, Duncan was spared the sanction that normally

would accompany the alleged failure of his counsel. Regardless of any alleged error, the outcome is the same—Duncan was allowed to appeal his guilty pleas. However, his complaint with the guilty-plea proceeding was that he did not know the State would argue for incarceration at sentencing. Because the record belies his claim, Duncan cannot demonstrate prejudice, and his claim fails.

**V.     Conclusion**

Because we conclude Duncan's guilty pleas were knowing and voluntary, and because we conclude he did not suffer any prejudice from the alleged errors of his counsel, we affirm Duncan's conviction.

**AFFIRMED.**