# IN THE COURT OF APPEALS OF IOWA

No. 17-0278
Filed January 10, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**KRISTINA LEIGHANN HELLBERG,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Decatur County, Sherman W. Phipps, Judge.

        A defendant challenges her written guilty plea based on the district court's failure to advise her of potential immigration consequences.  **REVERSED AND REMANDED.**

        Susan R. Stockdale, Windsor Heights, for appellant.

        Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Tabor and Bower, JJ.

**TABOR, Judge.**

Kristina Hellberg signed a written guilty plea, admitting she operated a vehicle without the owner's consent. She now seeks reversal of her conviction because the plea form did not include the immigration advisory required by Iowa Rule of Criminal Procedure 2.8(2)(b). Because the record is silent on Hellberg's immigration status and her guilty plea did not substantially comply with the rule, we reverse and remand to the district court for further proceedings.

## I. Facts and Prior Proceedings

On December 28, 2016, Hellberg took her mother's Ford F150 truck without her mother's permission. The mother reported the missing truck to the Decatur County Sheriff's Office. Officers recovered the truck from Hellberg several days later. The State charged Hellberg with first-degree theft, a class "C" felony, in violation of Iowa Code sections 714.1(2) and 714.2(1) (2016).

Hellberg pleaded guilty to operating a vehicle without the owner's consent, an aggravated misdemeanor, in violation of Iowa Code section 714.7. In exchange, the State agreed to recommend a sentence of sixteen days imprisonment with credit for sixteen days served, as well as a suspended fine of $625 with a thirty-five percent surcharge. Hellberg agreed to pay other applicable surcharges, court costs, restitution, and fees. Hellberg entered a written plea. The written form informed Hellberg that any challenge to the guilty plea must be made by motion in arrest of judgment, but the form did not include the appeal consequences arising from a failure to file a motion in arrest of judgment. The form also made no mention of possible immigration consequences that could result

from a guilty plea. The district court accepted the plea, sentenced Hellberg to time served, suspended the fine, and ordered her to pay other related costs.

Hellberg now appeals, contending her written guilty plea was deficient because the court did not advise her that a conviction could result in adverse immigration consequences. The State filed a motion to affirm Hellberg's conviction, arguing this appeal is "frivolous" because nothing in the minutes of evidence or her appellate brief suggests Hellberg is not a United States citizen or that the immigration advisory "would have affected her decision to plead guilty." Our supreme court denied the State's motion and, after full briefing, transferred the appeal to us.

## II.     Scope and Standards of Review

We will review Hellberg's challenge to her guilty plea for the correction of errors at law. *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). To determine whether her plea satisfies Iowa Rule of Criminal Procedure 2.8(2)(b), we look for substantial compliance. *See State v. Weitzel*, ___ N.W.2d ___, ___, 2017 WL 6545937, at *7 (Iowa 2017) (noting preference for strict compliance, but acknowledging caselaw has excused technical violations).

## III.     Error Preservation

Generally, a defendant must challenge a defect in the guilty-plea proceeding by filing a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a); *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). The district court must advise a defendant of this requirement. Iowa R. Crim. P. 2.8(2)(d). For indictable misdemeanors, a written plea form may supply the necessary advisory concerning the motion in arrest of judgment. *See Fisher*, 877 N.W.2d at 681. But

if the written plea does not sufficiently inform the defendant of the necessity to file a motion in arrest of judgment and *the consequences of failing to do so*, then the defendant may challenge the guilty plea on direct appeal. *Id.*

The written plea form used in Hellberg's case did not advise her that failing to file a timely motion in arrest of judgment would waive any challenge to her guilty plea on appeal. The State agrees the written plea did not substantially comply with rule 2.8(2)(d). Because her written plea was deficient in this respect, Hellberg may attack her guilty plea in this direct appeal.

**IV.    Analysis: Is Omission of the Immigration Advisory from the Written Plea Reversible Error?**

Before accepting a plea of guilty, the district court must inform a defendant and determine she understands a criminal conviction may affect her status under federal immigration laws. Iowa R. Crim. P. 2.8(2)(b)(3). In misdemeanor pleas, with the approval of the defendant, the court may waive the in-person colloquy. Iowa R. Crim. P. 2.8(2)(b). If that waiver occurs, "the defendant shall sign a written document that includes a statement that conviction of a crime may result in the defendant's deportation or other adverse immigration consequences if the defendant is not a United States citizen." *Id.*

Hellberg argues her guilty plea was defective because the written form did not contain any statement regarding possible federal immigration consequences of the state conviction. She points out due process requires guilty pleas to be knowing, voluntary, and intelligent, and rule 2.8(2(b) codifies the due process mandate. *See State v. Loye*, 670 N.W.2d 141, 151 (Iowa 2003). In light of the omission from the written plea, she contends her conviction must be reversed and

the case remanded to the district court. In her appellant's brief, Hellberg does not reveal her citizenship status. Instead, she offers the following position:

> It might be argued that Ms. Hellberg is a U.S. citizen so that there will be no immigration consequences for her so that even if the guilty plea is deficient because she was not informed of possible immigration consequences any error is harmless error. The problem with that argument is twofold: (1) there is nothing in the record which shows whether or not Ms. Hellberg is a U.S. citizen and (2) Iowa law does not differentiate between citizens and noncitizens regarding the requirement that a defendant be informed of possible immigration consequences.

The State does not point to anything in the record that indicates whether Hellberg was a citizen or noncitizen. Instead, the State contends that to be entitled to relief based on the missing immigration advisory, Hellberg must assert she is "not a legal citizen and, more importantly that such information would have been material to her decision to plead guilty rather than go to trial." In support of its contention, the State focuses on the last phrase of the advisory language contained in rule 2.8(2)(b) and argues the immigration information is only required "if the defendant is not a United States citizen."

Hellberg refutes the State's construction of the rule: "The inclusion of the phrase 'if the defendant is not a United States citizen' is properly interpreted as a phrase that must be included in the written statement of this warning rather than a qualifier as to when the written warning should be given." Hellberg offers a practical justification for requiring the district court to inform all defendants about possible immigration consequences of their guilty pleas:

> This requirement makes sense as it is not uncommon for persons in the county illegally to lie about their status and claim they are citizens or that they have papers legally allowing them to live in the

United States. Consequently, if the rule stated only those defendants who admit to being in the country illegally are to be informed that there may be immigration consequences of a guilty plea, it is quite possible that defendants who might be deported because of a guilty plea will not be informed of this possibility.

We conclude Hellberg has the better argument. When the plea colloquy is performed in open court, all defendants must be told "[t]hat a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws." Iowa R. Crim. P. 2.8(2)(b)(3). The rule does not direct district courts to inquire into a defendant's citizenship status and provide the immigration advisory only to noncitizens. Likewise, when the in-court colloquy is waived, the written guilty plea document should inform all defendants of possible immigration consequences. In Hellberg's case, by omitting the immigration advisory the written plea did not comply with rule 2.8(2)(b), substantially or otherwise.

We next turn to the remedy question. In *Weitzel*, our supreme court determined the proper remedy for "the district court's violation of rule 2.8(2)(b)(2) is mandatory, automatic reversal." 2017 WL 6545937, at *9 (analyzing omission of information about surcharges from plea colloquy). The majority decided: "For practical reasons, we believe a bright-line rule is more appropriate than an inconsistent harmless-error analysis based on the totality-of-the-circumstances test that could lead to endless permutations." *Id.* at *11.

Arguably, immigration consequences may be a different animal than surcharges. Applicable surcharges are an additional punishment and, therefore, a direct consequence of a guilty plea for all defendants. *Id.* at *9. Whereas "knowing about the immigration consequences of a guilty plea would have no

impact on the citizen defendant." *See VanNortrick v. State*, 227 S.W.3d 706, 713 (Tex. Crim. App. 2007). But where the record is silent on the defendant's citizenship status, as in Hellberg's case, we may not infer she was aware of the consequences of her guilty plea. *See id.* at 712. Under these circumstances, *Weitzel's* bright-line rule requires reversal.

We set aside Hellberg's guilty plea to operating without the owner's consent and remand the case to the district court where the State may reinstate any charges dismissed in contemplation of a valid plea bargain.

**REVERSED AND REMANDED.**