**IN THE COURT OF APPEALS OF IOWA**

No. 18-1101
Filed June 5, 2019

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JOSHUA SNYDER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Fayette County, John J. Bauercamper, Judge.

        Defendant Snyder appeals his guilty plea and sentence for possession of a controlled substance, third offense.  **AFFIRMED.**

        John J. Bishop, Cedar Rapids, for appellant.

        Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney General, for appellee.

        Considered by Vaitheswaran, P.J., Tabor, J., and Blane, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**BLANE, Senior Judge.**

Joshua Snyder appeals from his guilty plea,[1] claiming the trial court did not state a factual basis on the record for his plea as required by Iowa Rule of Criminal Procedure 2.8(2). The State contends we should not reach the merits of Snyder's claims, as he did not file a motion in arrest of judgment to preserve error as required. *See* Iowa R.Crim. Pro. 2.24(3)(b). In response, Snyder argues the trial court did not advise him of the forty-five day deadline following a plea for filing the motion, which he claims waives the preservation requirement. *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004) (providing that failure to advise a defendant of the necessity to file a motion in arrest of judgment relieves a defendant of the consequence of not filing the motion).

An appeal court generally reviews a challenge to a guilty plea for corrections of error of law. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).

Upon our review of the plea and sentencing transcript, we observe the trial court advised Snyder that if he wanted to challenge his plea on appeal, he had to file a motion in arrest of judgment at least five days before sentencing. Since the plea and sentencing both occurred on the same date, the forty-five day alternative was not applicable. Our court has previously held that under the circumstance where the forty-five-day alternative is not applicable, the trial court complies with the rule by advising a defendant of only the five-day deadline. *State v. Krabill*, No. 10-1054, 2011 WL 2556038, at *1 (Iowa Ct. App. June 29, 2011) (determining

---

[1] Snyder appeals only from his guilty plea to possession of a controlled substance, third offense, a class "D" felony. He does not appeal his written *Alford* plea to operating a motor vehicle while under the influence of alcohol or drugs, a serious misdemeanor.

defendant was bound by the rule requiring him to file a motion in arrest of judgment where judge advised him of the "alternate" "five days before sentencing" deadline); *see also State v. Straw*, 709 N.W.2d 128, 132 (Iowa 2006) (ruling that the court advising of the five-day limitation "conveyed the pertinent information and substantially complied with the requirements of rule 2.8(2)(d)"). Based on *Krabill*, because Snyder was advised by the court regarding the five-day deadline, he was bound to comply with it in order to preserve error. Therefore, his claim regarding his plea is not preserved, and we do not consider the merits.

We affirm Snyder's judgment and sentence.

**AFFIRMED.**