# IN THE COURT OF APPEALS OF IOWA

No. 18-1640
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICKY TIMOTHY WILLIAMS,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Linn County, Nancy A. Baumgartner, Judge.

Ricky Williams appeals following his guilty plea to attempting to elude, a drug tax stamp violation, interference with official acts, possession of cocaine, and possession of marijuana. **AFFIRMED.**

Jonathon Muñoz of Nidey, Erdahl, Fisher, Pilkington & Meier PLC, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

Ricky Williams pled guilty in a single proceeding to several crimes arising from two incidents.[1] The district court accepted the plea and imposed sentence in both cases. On direct appeal, Williams argues he "was not informed that he would have to pay attorney fees in [the older case]." In his view, the claimed omission amounted to a violation of Iowa Rule of Criminal Procedure 2.8(2)(b)(2) and *State v. Weitzel*, 905 N.W.2d 397, 408 (Iowa 2017).

The State does not contest error preservation.[2] Accordingly, we proceed to the merits.

Rule 2.8(2)(b)(2) states:

> *b. Pleas of guilty.* . . . Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
> . . . .
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.

By its terms, the rule applies to "punishment."

In *Weitzel*, the court held "surcharges constitute punishment." 905 N.W.2d at 408. The court did not address attorney fees.

The court did address attorney fees in *State v. Fisher*, 877 N.W.2d 676, 686 (Iowa 2016). There, the court distinguished surcharges "from other court-ordered

---

[1] The charges were filed in FECR122130 and FECR127948.

[2] Williams argues he may challenge the guilty plea on direct appeal even though he failed to satisfy the general prerequisite of filing a motion in arrest of judgment. He asserts the obligation to file a motion in arrest of judgment before appealing is inapplicable because the district court did not inform him "that failure to so raise such challenges shall preclude the right to assert them on appeal." Williams cites Iowa Rule of Criminal Procedure 2.8(2)(d) and *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). The State raises no counter-argument to these assertions.

payments, such as . . . reimbursement for the cost of court-appointed counsel." *Fisher*, 877 N.W.2d at 676. The court stated, "The latter items are compensatory and '[do] not fit the generally understood definition of punishment.'" *Id.* (citation omitted). In light of *Fisher*, the district court had no duty to inform Williams about his obligation to pay attorney fees.

Williams also argues the time between approval of the minutes of testimony and the plea hearing was insufficient to facilitate a thorough discussion of the case with counsel and "to permit defense counsel to discharge his duty to ensure that a factual basis existed for the guilty plea." The record is inadequate to address this ineffective-assistance-of-counsel claim. Accordingly, we preserve the issue for possible postconviction relief.

We affirm Williams's plea and sentences for attempting to elude, a drug tax stamp violation, interference with official acts, possession of cocaine, and possession of marijuana.

**AFFIRMED.**