# IN THE COURT OF APPEALS OF IOWA

No. 21-0646
Filed July 20, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ANTHONY J. CARTY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

Anthony Carty appeals his guilty pleas. **APPEAL DISMISSED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., Chicchelly, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCOTT, Senior Judge.**

Anthony Carty entered written guilty pleas to two counts of assault while displaying a dangerous weapon and now appeals.

This court ordinarily reviews guilty plea proceedings for errors at law. *State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). When a defendant alleges that in accepting a guilty plea the district court failed to comply with Iowa Rule of Criminal Procedure 2.8(2)(b), we review for substantial compliance. *State v. Fisher*, 877 N.W.2d 676, 682–83 (Iowa 2016).

Carty also raises a constitutional challenge to Iowa Code section 814.29 (2020).[1] If we need to decide his constitutional claims, review would be de novo. *State v. Tucker*, 959 N.W.2d 140, 145 (Iowa 2021).

But we must first consider whether we can reach the merits of Carty's guilty plea challenge, which faces a few hurdles. First, Iowa Rule of Criminal Procedure 2.24(3)(a) states, "A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal." Here, in the written guilty plea, Carty waived the filing of a motion in arrest of judgment.[2] *Cf. State v.*

---

[1] Carty asserts, "The 2019 Amendment to Iowa Code section 814.29, which now purports to require that a defendant demonstrate he more likely than not would not have pled guilty but for the defect in the plea proceeding to procure relief, is unconstitutional" as it violates due process and separation of powers.

[2] Paragraph 18 of the written plea states,

> I waive the right to wait 15 days before sentencing, and give up the right to file a motion in arrest of judgment under rule 2.8 of the Iowa Rules of Criminal Procedure. I understand that I must file that motion at least five days before sentencing. Otherwise, it will be too late. I will have no appeal and no other way to object to the way the court accepted my guilty plea.

*Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (recognizing the defendant is not required to file a motion in arrest of judgment when not advised of the consequences of failing to do so). Moreover, even though he sought immediate sentencing, the district court scheduled the sentencing for the following month. Carty did not move in arrest of judgment in the interim. Thus, he is precluded from "challeng[ing] the adequacy of the guilty plea proceeding" under rule 2.24(3)(a).

In addition, under Iowa Code section 814.6(1)(a)(3) (2021) defendants have no right of appeal from a guilty plea other than from a class "A" felony, unless they establish "good cause." In *Tucker*, the court explained:

> Under the new law, those convicted of any offense (other than a simple misdemeanor or ordinance violation) after trial may file a direct appeal as a matter of right. *See* Iowa Code § 814.6(1)(a) (2019). Under the new law, those convicted of a class "A" felony upon a guilty plea may file a direct appeal as a matter of right. *See id.* § 814.6(1)(a)(3). Under the new law, those convicted of any offense (other than a simple misdemeanor or ordinance violation) upon a guilty plea may file a direct appeal as a matter of right upon a showing of "good cause." *Id.* We have liberally interpreted "good cause" to mean the defendant need only show a "legally sufficient reason." *See State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020). A legally sufficient reason is a ground that potentially would afford the defendant relief. The new law thus restricts only a narrow class of defendants from pursuing a direct appeal as a matter of right: those who plead guilty to non-class "A" offenses and cannot articulate a legally sufficient reason to pursue a direct appeal.

959 N.W.2d at 148–49.

Carty asserts good cause to appeal exists because the written plea did not advise him "what a motion in arrest of judgment is," of his right to a jury trial, and—absent a definition of a dangerous weapon—of the nature of the charges against him. Consequently, he asserts his plea was not knowing and voluntary.

In *State v. Straw*, our supreme court explained:

In order to ensure a guilty plea is voluntarily and intelligently made, the court must articulate the consequences of the plea to the defendant. Iowa Rule of Criminal Procedure 2.8(2)(b) provides the court with a blueprint for the guilty plea proceeding:

> Before accepting a plea of guilty, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> (1) The nature of the charge to which the plea is offered.
>
> (2) The mandatory minimum punishment, if any, and the maximum possible punishment provided by the statute defining the offense to which the plea is offered.
>
> (3) That a criminal conviction, deferred judgment, or deferred sentence may affect a defendant's status under federal immigration laws.
>
> (4) That the defendant has the right to be tried by a jury, and at trial has the right to assistance of counsel, the right to confront and cross-examine witnesses against the defendant, the right not to be compelled to incriminate oneself, and the right to present witnesses in the defendant's own behalf and to have compulsory process in securing their attendance.
>
> (5) That if the defendant pleads guilty there will not be a further trial of any kind, so that by pleading guilty the defendant waives the right to a trial.

709 N.W.2d 128, 133–34 (Iowa 2006) (emphasis omitted) (internal citation omitted).[3] "Substantial compliance with this rule is required." *Id.* at 134.

We find the plea form substantially complied with rule 2.8(2)(b). A common sense reading of paragraph eighteen in the context of the lengthy written plea explains the consequence a motion in arrest of judgment was the means by which to "object to the way the court accepted my guilty plea." In the "Acknowledgement of Appeal Rights" Carty affirmed,

> I understand that I have no right to appeal a plea of guilty. However, I understand that I may file an application for permission to appeal *based on a defect in the plea proceeding* or for good cause

---

[3] *Tucker*, 949 N.W.2d at 153–54, recognizes *Straw* has been superseded in part by Iowa Code sections 814.6(1)(a) and 814.7.

shown, or under certain other limited circumstances, approval of which is within the judgment of the Iowa Supreme Court. If approval to appeal is granted by the Iowa Supreme Court, my notice of appeal must be filed within 30 days of sentencing.

(Emphasis added.) Carty was adequately advised of the consequence of failing to file a motion in arrest of judgment. *See Meron*, 675 N.W.2d at 541 ("Rule 2.8(2)(d) clearly imposes two requirements. First, the court must 'inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment.' Second, the court must inform the defendant 'that failure to so raise such challenges shall preclude the right to assert them on appeal.'" (internal citations omitted)); *see also Straw*, 709 N.W.2d at 132 (finding substantial compliance by the trial court in "using plain English to explain the motion in arrest of judgment").

Carty contends his pleas were unknowing and involuntary because the written plea did not advise him of his right to a jury trial[4] or the nature of the

---

[4] The written plea states, in part:
      3. I have a right to a fair trial in open court.
      4. I have a right to have an attorney. If jail may be contemplated by the Court and I cannot afford it, the court will appoint an attorney for me and order the State to pay the expenses.
      5. I have a right to see and hear evidence against me from witnesses in open court.
      6. I have the right to cross-examine the witnesses against me.
      7. I may testify in my defense. I may choose not to testify and that choice may not reflect upon my guilt or innocence.
      8. I have the right to produce witnesses to appear at trial and testify.
      9. I can compel my witnesses to appear at trial and testify.
      10. If I plead guilty, I give up those rights and will have no trial.
He notes, "Though the plea form stated 'I have a right to a fair trial in open court', it failed to anywhere reference the right to a *jury*." But Carty was informed of his right to a trial, his right to a court-appointed attorney if he could not afford his own, the right to see and hear the evidence against him from witnesses in open

charges. He cites two cases for support that these failures require a finding his pleas were unknowing and involuntary. But we find the cited cases are not helpful to Carty's argument.

In *State v. White*, "no statement about possible consecutive sentences was made by the judge to the defendant. Also, the record is silent as to any advice to defendant by his attorney or from any other source that consecutive sentences were possible if he pled guilty." 587 N.W.2d 240, 243 (Iowa 1998). Moreover, "[a]t [the sentencing] hearing [occurring six weeks later] the record again discloses that no information concerning the possibility of consecutive sentences was communicated to the defendant. In fact, the defendant was probably misled, as well as being unadvised, by the discussion about concurrent sentences during the hearing." *Id.* The supreme court ruled the defendant was left "uninformed and unenlightened," and the guilty plea could not have been knowingly and voluntarily entered. *Id.* at 246. Carty was not uninformed or mislead.

In *Straw*, the defendant claimed that by not properly informing him of the potential punishments he faced for pleading guilty to these charges and in not explaining these sentences could be ordered to run consecutively, his plea was rendered unknowing and involuntary. 709 N.W.2d at 131. The court concluded, "Straw's failure to move in arrest of judgment bars a direct appeal of his conviction." *Id.* at 132. Carty similarly failed to move in arrest of judgment.

---

court and to cross-examine them, the right to testify in his own defense or not, the right to produce witnesses and compel witnesses, and the maximum sentence.

We conclude the written plea substantially complied with rule 2.8(2)(b), and we cannot say Carty was uninformed or that his plea was unknowing and involuntary.

And the supreme court in *Tucker* rejected an invitation to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." 959 N.W.2d at 153.

> A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal. Here, there is no such possibility. Tucker pleaded guilty and requested immediate sentencing. He waived his right to file a motion in arrest of judgment. His failure to file a motion in arrest of judgment precludes appellate relief.

*Id.*

Carty failed to move in arrest of judgment, and we can provide no relief. *Id.* He "has not advanced a legally sufficient reason to pursue an appeal as a matter of right." *See Treptow*, 960 N.W.2d at 109. We are without jurisdiction to hear the appeal. *Id.* at 110. The appeal must be dismissed.

**APPEAL DISMISSED.**