# IN THE COURT OF APPEALS OF IOWA

No. 22-0644
Filed November 17, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN JAMES HAYDEN,**
        Defendant-Appellant.

_____

        Appeal from the Iowa District Court for Marshall County, Kim M. Riley, District Associate Judge.

        Steven James Hayden appeals his convictions and sentences in three cases after entering guilty pleas to stalking, third-degree harassment, eluding, and two counts of operating while under the influence.  **AFFIRMED.**

        Richard Hollis, Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

        Considered by Bower, C.J., Tabor, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**BOWER, Chief Judge.**

In August and December 2021, Steven James Hayden entered written guilty

pleas to several charges filed in three different cases.

*AGCR097866*—Hayden pleaded guilty in count I of stalking in violation of

Iowa Code section 708.11(1), (2), and (3)(c) (2020), with the following basis.

> I plead guilty because I know I am guilty.  I agree with the allegations in the trial information.  I state that on or about September 1, 2015 up to an including October 23, 2020, in the County of Marshall and the State of Iowa, I did purposely engage in a course of conduct directed at [L.R.] that would cause a reasonable person to feel threatened and I had knowledge that a reasonable person would feel threatened by the course of the conduct.

In count VI, Hayden pleaded guilty to third-degree harassment,[1] in violation

of section 708.7(1)(a)(1) and (a)(4), with this factual basis:

> I plead guilty because I know I am guilty.  I agree with the allegations in the trial information.  I state that on or about the 19th day of October, 2020, in the County of Marshall and the State of Iowa, I did purposefully and without legitimate purpose communicate with [L.R.] by writing in a manner likely to cause him annoyance with the intent to intimidate, annoy or alarm him.

*OWCR097844*—In count I, Hayden pleaded guilty to operating while

intoxicated (OWI), second offense, in violation of section 321J.2, with this basis:

> I plead guilty because I know I am guilty.  I agree with the allegations in the trial information.  I state that on or about the 18th day of October, 2020, in the County of Marshall and the State of Iowa, I did operate a motor vehicle while under the influence of an alcoholic beverage or drug, or a combination of such substances, and had previously been convicted of this offense within the previous [twelve] years.

---

[1] The State agreed to and did dismiss four additional counts of harassment in the third degree.

In count II, he pleaded guilty to eluding, in violation of section 321.279(1)(a), with this factual basis:

> I plead guilty because I know I am guilty. I agree with the allegations in the trial information. I state that on or about the 18th day of October, 2020, in the County of Marshall and the State of Iowa, I did willfully operate a motor vehicle, and failed to bring the motor vehicle to a stop, or did willfully otherwise elude, or attempt to elude a marked official law enforcement vehicle that was driven by a uniformed peace officer, after being given a visual and audible signal to stop.

> *OWCR097874*—Hayden pleaded guilty to OWI, second offense, in violation of section 321J.2, with this basis:

> I plead guilty because I know I am guilty. I agree with the allegations in the trial information. I state that on or about the 24th day of October, 2020, in the County of Marshall and the State of Iowa, I did operate a motor vehicle while under the influence of an alcoholic beverage or drug, or a combination of such substances, and had previously been convicted of this offense within the previous [twelve] years.

The written pleas set out the minimum and maximum fines and sentences for each offense, acknowledged the court "does not have to follow the plea bargain," and detailed the sentence the State was going to recommend. Hayden waived his "right to be present while making this plea and personally inform the court of my plea and to speak for myself."

The court accepted the pleas and set sentencing for hearing. Hayden did not file a motion in arrest of judgment.

After several continuances, a combined sentencing hearing on the three cases was held on March 11, 2022. The State recommended a two-year prison term for stalking, a thirty-day jail sentence for harassment, two-year prison terms for each OWI, and a 365-day term for eluding, with the eluding and OWI sentences

served concurrently, but consecutive to the stalking sentence, for a total four-year term. The State also noted it had agreed these sentences should run concurrently with two Polk County cases. The prosecutor argued Hayden represented a danger to the community and law enforcement and incarceration would best protect the community.

The defense contended the court should consider all the charges were filed within a week and were all related to Hayden's alcohol problems. The defense stated, "Alcohol abuse is not an excuse. It's only an explanation, and I hope the court considers the mitigating factor as we ask the court to consider our recommendation." The defense asked that the court impose "the bare minimum"—run all the sentences concurrently, suspend the sentences, and place Hayden on probation and order him "to undergo counseling and treatment for his obvious alcohol abuse."

In determining the sentences to be imposed, the court stated it had considered

> Hayden's personal circumstances as noted by counsel. The court also takes into account the particular facts and circumstances of these cases, the harm to any victims . . . , and then attempts to fashion a sentence that will serve Mr. Hayden's rehabilitative needs and also in the process protect the community from future criminal actions on his part and also to deter him and others similarly situated.
> The court does consider the fact, as [the defense] has brought to the court's attention, that each of these events occurred within a very short span of time.
> The defendant in case number 97874 was found to be passed out I believe in a running vehicle. A chemical test later showed a result of alcohol concentration of .220. Quite a high level.
> In case number 97844—in that case the defendant has pled guilty to charge of OWI second offense, as well as a charge of eluding. And, of course, the driving behaviors on the eluding conduct placed other people in harm's way as a result of Mr. Hayden's

actions.  I believe there was a blood test administered in that case which showed a result of .190.  Again, more than twice the legal limit.

Probably the most aggravating offense[s], however, are those contained in case number AG97866.  In that case Mr. Hayden has pled guilty to stalking under Count I and third-degree harassment under Count VI.

And the court has received a victim impact statement in connection with those matters.  The court considers the considerable harm to the victim in this case and kind of the on-going nature of that stalking offense.[2]

And the court believes that the sentence that it is going to pronounce will best serve to address Mr. Hayden's rehabilitative needs and also protect those named victims in that offense and . . . other citizens.

The court set two of Hayden's two-year terms of incarceration to run consecutively, with the other sentences to run concurrently.  The court stated:

Again, the court imposes these sentences because it believes that these sentences are appropriate given the nature and circumstances of these crimes and the fact that each of these events represent a separate and distinct offense and that there is a named victim in connection with the stalking and harassment charges.

The court has considered the possibility of suspending the terms of confinement but does not believe that Mr. Hayden represents a good candidate for probation supervision.

Hayden appeals, claiming his due process rights were violated as he was not advised of his right to a jury trial, rendering his plea involuntary, and the court abused its sentencing discretion in imposing more than the statutory minimum.

"We review challenges to plea proceedings for correction of errors at law." *See State v. Weitzel,* 905 N.W.2d 397, 401 (Iowa 2017).  But, because this is a direct appeal from guilty pleas to charges less than class "A" felonies, Hayden must establish good cause to appeal.  *See* Iowa Code § 814.6(1)(a)(3) (prohibiting an

---

2 The target of Hayden's harassment and stalking was a former co-employee, and the factual basis for Hayden's stalking charge admitted conduct spanning a period from 2015 to 2020.

appeal from a guilty plea except for a class "A" felony or "in a case where the defendant establishes good cause"); *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) (noting the defendant "bears the burden of establishing good cause to pursue an appeal of [his] conviction based on a guilty plea."). Good cause means a "legally sufficient reason," which "is a ground that potentially would afford the defendant relief." *State v. Tucker*, 959 N.W.2d 140, 149 (Iowa 2021).[3]

The State contends Hayden's appeal of his guilty pleas should fail because he did not file a motion in arrest of judgment with the district court. *See* Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.").

Hayden invokes an exception. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021) (noting the supreme court has recognized two exceptions: (1) if the defendant is not adequately advised of the consequences of a failure to file a motion in arrest of judgment, and (2) "if the failure to file a motion in arrest of judgment resulted from ineffective assistance of counsel"; but section 814.7 has been amended and all claims of ineffective assistance of counsel now must be resolved in postconviction-relief proceedings). Hayden contends the district court did not personally advise him of the consequences of failure to file a motion in arrest of judgment. The district court was not required to do so.

> Rule 2.8(2)(d) clearly imposes two requirements. First, the court must "inform the defendant that any challenges to a plea of guilty based on alleged defects in the plea proceedings must be

---

[3] Our supreme court expressly declined to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." *Tucker*, 959 N.W.2d at 153.

raised in a motion in arrest of judgment." Second, the court must inform the defendant "that failure to so raise such challenges shall preclude the right to assert them on appeal."

*State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004) (internal citations omitted). "*Absent a written plea of guilty describing all the matters set forth in the rule*, noncompliance with oral requirements of the rule normally constitutes reversible error." *Id.* at 542 (emphasis added). *Cf. State v. Basquin*, 970 N.W.2d 643, 659 (Iowa 2022) ("We have long utilized written guilty pleas for misdemeanor offenses, and we have held the defendants can waive in writing the right to an in-person colloquy in open court.").

Each of Hayden's written guilty pleas includes this advisory:

I do not waive the right to wait [fifteen] days before sentencing, and do not give up the right to file a motion in arrest of judgment under rule 2.8 of the Iowa Rules of Criminal Procedure. I understand that I must file that motion at least five days before sentencing. Otherwise, it will be too late. I will have no appeal and no other way to object to the way the [c]ourt accepted my guilty plea.

I hereby waive my right to be present while making this plea and personally inform the [c]ourt of my plea and to speak for myself, as is my right under Iowa Rule of Criminal Procedure 2.8. I also understand that I have a right to be present for sentencing.

Because Hayden was advised of the consequences of failure to file a motion in arrest of judgment and he failed to file a motion in arrest of judgment, he is precluded from challenging his pleas on direct appeal.[4]

However, we may address Hayden's challenge to the sentences imposed. "[G]ood cause exists to appeal from a conviction following a guilty plea when the

---

[4] Moreover, Iowa Code section 814.29 stipulates: "If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Hayden makes no assertion that he would not have pled guilty.

defendant challenges his or her sentence rather than the guilty plea." *Damme*, 944 N.W.2d at 105 (explaining "[a] sentencing error invariably arises after the court has accepted the guilty plea" and "[t]his timing provides a legally sufficient reason to appeal notwithstanding the guilty plea").

Hayden claims the court abused its discretion because it did not treat the several offenses as "basically one series of events occurring in a brief period of time." We also do not find it reasonable to characterize Hayden's conduct as "one series of events." His pleas establish his stalking behavior spans a five-year period. It is true he had repeated alcohol-related offenses from October 18 to October 24; yet, each of those offenses were distinct intoxications and separately endangered the community.

Hayden also contends the sentencing court did not explicitly consider his substance-abuse issues "as a mitigating factor." The court did consider Hayden's substance-abuse history, referring to both his personal circumstances as described by counsel and his rehabilitative needs.[5]

"An abuse of [sentencing] discretion will only be found when a court acts on grounds clearly untenable or to an extent clearly unreasonable." *State v. Leckington*, 713 N.W.2d 208, 216 (Iowa 2006). The court is to

> [w]eigh and consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform. The courts owe a duty to the public as much as to defendant in determining a proper sentence. The punishment should fit both the crime and the individual.

---

[5] And as noted by the State, the district court could determine that "if chronic substance abuse had made Hayden unable to control his actions, that would establish a profound need for short-term incapacitation and rehabilitation."

*Id.* (alteration in original) (quoting *State v. August*, 589 N.W.2d 740, 744 (Iowa 1999)); *accord* Iowa Code § 901.5 (providing that an appropriate sentence "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others").

We have already set out the court's reasons for imposing sentences—those reasons are not clearly untenable or unreasonable. Finding no abuse of sentencing discretion, we affirm.

**AFFIRMED.**