# IN THE COURT OF APPEALS OF IOWA

No. 20-0760
Filed November 23, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BRIAN LYNN GUILL,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Appanoose County, Gregory G. Milani, Judge.

A defendant seeks to set aside his guilty plea. **APPEAL DISMISSED.**

Martha J. Lucey, State Appellate Defender, and Vidhya K. Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Greer and Badding, JJ.

**TABOR, Presiding Judge.**

Brian Lynn Guill pleaded guilty to burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5 (2019).  He now seeks to set aside his plea.  Because we lack authority to consider his challenge without a showing of good cause, we dismiss his appeal.

In September 2019, Brian Guill broke into a camper occupied by his ex-girlfriend, pushed her against the wall, and strangled her.  The State charged him with first-degree burglary.  Guill negotiated a plea deal.  According to its terms, Guill agreed to plead guilty to the lesser included offense of second-degree burglary.  He did not move in arrest of judgment to challenge the plea proceeding in the district court.

On appeal, Guill argues: (1) the district court did not adequately advise him of the consequences of not moving in arrest of judgment; (2) his plea was unknowing and involuntary because the court did not inform him of the nature of the offense; (3) the court erred in accepting his plea without a factual basis; and, alternatively, (4) his plea counsel was ineffective.  To avoid the impact of Iowa Code sections 814.6 and 814.7 on his criminal appeal, Guill raises several constitutional challenges to those new enactments.  He also contends he has good cause to appeal his conviction.

## I.  Scope and Standards of Review

We review guilty-plea proceedings for corrections of errors at law.  *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010).  If we needed to decide his constitutional claims, review would be de novo.  *State v. Treptow*, 960 N.W.2d 98, 104 (Iowa 2021).

## II. Analysis

We first consider whether we can reach the merits of Guill's guilty-plea challenge. The State points to Guill's failure to move in arrest of judgment. Generally, a "failure to challenge the adequacy of a guilty plea proceeding by a motion in arrest of judgment shall preclude the defendant's right to assert such a challenge on appeal." Iowa R. Crim. P. 2.24(3)(a). Because that sanction is consequential, district courts must inform defendants about the importance of moving in arrest of judgment. *See* Iowa R. Crim. P. 2.8(2)(d). To that end, defendants do not forfeit their plea challenges if the court's advisory is inadequate.[1] *See, e.g.*, *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016) (no one should "suffer the sanction . . . unless the court complied with rule 2.8(2)(d) during the plea proceedings") (cleaned up).

And this is where Guill hangs his hat. Guill believes the district court inadequately advised him when it stated:

> . . . I also have to advise you if you plead guilty, you have no right to appeal the guilty plea.
>     There is the opportunity to allege good cause and/or defect in the plea proceedings or proper denial of the motion in arrest of judgment. At that point you would have thirty-days to file the written application for permission to appeal and application to authorize a transcript be prepared at state expense. The appellate courts would then determine if your application was granted or denied and under what conditions it would proceed.

---

[1] The State lobbies for the Iowa Supreme Court to "change course" and hold that rule 2.8(2)(d) is not a prerequisite for enforcing rule 2.24(3)(a). Because the supreme court transferred this case to us, that argument must wait for another day. *See Nationwide Agribusiness Ins. Co. v. PGI Int'l*, 882 N.W.2d 512, 518 n.4 (Iowa Ct. App. 2016) (noting we cannot overturn supreme court precedent).

Guill complains that this advisement "tied the loss of appeal rights to the act of pleading guilty, irrespective and independent of any later failure to file a motion in arrest of judgment." What's more, according to Guill, the language suggested "there would nevertheless be a separate opportunity for review," namely "the opportunity to allege good cause and/or defect in the plea proceedings or proper denial of the motion in arrest of judgment."

Rebutting, the State contends the court was correct: Guill had no right to appeal without showing good cause under section 814.6(1)(a)(3). But even if the court's statement confused the issue, the State insists the confusion was cured by this later instruction:

> Mr. Guill, you're advised any challenges to a plea of guilty such as you've just entered based on any alleged defects or mistakes made in the plea proceedings must be raised in a motion in arrest of judgment. Failure to raise them in that kind of motion will prevent you from asserting them on appeal. . . .
> If you don't file that kind of motion within that time period, you will not be able to raise any defects made in the plea proceedings in any appeal you take to the Iowa Supreme Court.
> [Your attorney] can provide you further details if you wish to pursue that.

We agree with the State. Rule 2.8(2)(d) imposes two requirements. *State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004). First, the court must advise defendants that to challenge a guilty plea, they need to move in arrest of judgment. *Id.* Second, the court must inform defendants that failure to do so bars an appeal. *Id.* The district court taking Guill's plea satisfied those requirements. It spoke of the need to file a motion in arrest of judgment and the consequences of not filing it. The court's earlier discussion of the restrictions on appeals from guilty pleas did

not dilute the potency of the later warning.[2]  Guill received an adequate advisory but waived his right to challenge the plea.

In the alternative, Guill argues "[a] majority of jurisdictions recognize the authority of an appellate court to reverse on plain error review of unpreserved claims."  But that argument has not gained traction with our supreme court.  *See Treptow*, 960 N.W.2d at 109 (collecting cases).  So we decline to adopt it now.  As another fallback, Guill claims plea counsel was ineffective.  But that claim must wait for a postconviction challenge because section 814.7 prohibits us from deciding it on direct appeal.  *See id.* at 110.

As a final step, we turn to section 814.6(3), which prohibits Guill from directly appealing his conviction following a guilty plea unless he establishes good cause.[3]  Good cause is a "legally sufficient reason to appeal."  *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).  A legally sufficient reason, in turn, "allow[s] a court to provide

---

[2] Guill cites *State v. Ralston* in support of his argument that the district court's first advisements rendered the second inadequate.  No. 14-1470, 2015 WL 3624436, (Iowa Ct. App. June 10, 2015).  But *Ralston* involved a written plea and waiver that did not mention motions in arrest of judgment.  *Id.* at *1.  Ralston signed a second form that stated: "I give up my . . . right to challenge or appeal any irregularities or errors in the taking of my guilty plea *that* must be raised by the filing of a Motion in Arrest of Judgment."  *Id.* (emphasis added).  But our court held the word "that" was restrictive and implied other avenues for appeal.  *Id.*  By contrast, here the plea-taking court mentioned moving in arrest of judgment four times.  What's more, the court warned Guill that failure to move in arrest of judgment would prevent him from "rais[ing] any defects made in the plea proceedings in any appeal . . . ."  So we find *Ralston* distinguishable.

[3] Guill argues section 814.6 violates separation-of-powers principles, equal protection, and due process.  But Iowa's appellate courts have rejected these arguments.  *Treptow*, 960 N.W.2d at 104–107 (equal protection); *State v. Tucker*, 959 N.W.2d 140, 148–153 (Iowa 2021) (separation of powers); *State v. Crews*, No. 19–1404, 2021 WL 3661222, at *1–2 (Iowa Ct. App. Aug. 18, 2021) (due process); *State v. Kern*, No. 20–1392, 2021 WL 4304272, at *1 (Iowa Ct. App. Sept. 22, 2021) (due process).

some relief." *Treptow*, 960 N.W.2d at 109. Because Guill failed to move in arrest of judgment, we can provide no relief. The bottom line is this: Guill "has not advanced a legally sufficient reason to pursue an appeal as a matter of right." *See id.* at 109–10. So we lack authority to consider his claims.

**APPEAL DISMISSED.**