# IN THE COURT OF APPEALS OF IOWA

No. 24-0802
Filed May 21, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DANIEL WELCHS DOYEN,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Casey D. Jones (plea) and Nicholas Scott (sentencing), Judges.

        The defendant appeals from his guilty plea. **AFFIRMED**.

        Kent A. Simmons, Bettendorf, for appellant.

        Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

        Considered without oral argument by Greer, P.J., Sandy, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**GREER, Presiding Judge.**

Characterizing his claim as an issue of first impression, Daniel Doyen appeals from his plea of guilty to assault causing bodily injury,[1] a serious misdemeanor, and the resulting sentence. He argues there was a defect in accepting the written guilty plea because he never signed it and asserts it cannot be used to show he voluntarily and intelligently agreed to its terms and waived his right to file a motion in arrest of judgment to challenge it. Doyen advocates that we should treat his plea as if not entered because the written form was unsigned, making the plea and the sentence "null and void." The State contends that Doyen does not have good cause to appeal from his guilty plea under Iowa Code section 814.6(1)(a)(3).[2] Alternatively, if we reach the merits of Doyen's challenge, the State argues the guilty plea substantially complied with Iowa Rule of Criminal Procedure 2.8(4). And the State directs us to Iowa Code section 814.29, asserting we cannot vacate the plea under this record in any event.

Because we construe the language of the rule 2.8(4) strictly, we agree with Doyen that there was a defect by the court's acceptance of the written plea

---

[1] Doyen was charged under Iowa Code sections 708.1(2) and 708.2(2) (2024) after he allegedly assaulted a person without provocation. His written guilty plea addressed this matter and two other unrelated charges for similar behavior. Doyen asks that we take judicial notice of the other two proceedings "to fully understand the procedural failure in the instant case," but those matters are not part of the record in this appeal. *See* Iowa R. App. P. 6.801.

[2] This section provides that:

> 1. Right of appeal is granted the defendant from:
> a. A final judgment of sentence, except in the following cases:
> . . . .
> (3) A conviction where the defendant has pled guilty. This subparagraph does not apply to a guilty plea for a class "A" felony or *in a case where the defendant establishes good cause*.

Iowa Code § 814.6 (emphasis added).

agreement. But, on the record made below, we are unable to determine that the defect prevented the guilty plea from being entered voluntarily and intelligently or that Doyen would have chosen to go to trial absent the defect, thus, his challenge fails.

**Background Facts and Proceedings.**

According to Doyen's plea counsel, while he was in custody Doyen asked if he could plead guilty to resolve three misdemeanor charges, including the serious misdemeanor assault that is at issue in this case. On April 10, 2024, Doyen's attorney signed the plea agreement on behalf of Doyen under the "DEFENDANT CERTIFICATION" paragraph at the end of the written plea, which appears as follows:

## DEFENDANT CERTIFICATION

I have read this entire document. I have had the opportunity to discuss this Waiver of Rights and Written Guilty Plea with my attorney and ask questions. I understand the contents and consequences of this written guilty plea as explained above, I also understand that by pleading guilty, I am giving up the rights set forth above and that there will not be a trial on this offense(s). I am pleading guilty because I am in fact guilty of the offense(s) detailed in Division I of this petition. I knowingly, intelligently, and voluntarily enter this written guilty plea and request that the Court accept it consistent with the terms set forth herein. I am waiving my right to personally appear before the Court for plea and sentencing unless otherwise noted above or alternatively ordered by the Court.

County Attorney Certification section

x ~~DEFENDANT~~ *attorney for defendant*
*oral permission given on 4/10/24*
*at 9:25am .*

I am an interpreter, and I certify that I have read this document to the defendant in _____ and/or have provided interpretation in that language for the defendant and his/her attorney, as requested.

Along with signing on behalf of Doyen, plea counsel also signed, certifying as an officer of the court that certain obligations had been met:

## DEFENSE ATTORNEY CERTIFICATION

1.  I certify, as an officer of the court, that I have had ample opportunity to confer with my client. I have provided my client with the opportunity to ask any question that they may have. I have explained the contents of this written guilty plea, their waiver of rights, the minimum and maximum punishments, the plea agreement, the collateral consequences for a conviction of these offenses, and the possible defenses and strategies. I have investigated these offenses, which includes reviewing discovery material related to this matter, and I am not aware of any legal reason why the Court should not accept this waiver of rights, plea agreement, and petition to plead guilty.

2.  I further certify that after discussing these matters with my client, I believe they knowingly, intelligently, and voluntarily executed this waiver of rights and written guilty plea and request the Court accept it, consistent with the terms set forth herein.



ATTORNEY FOR DEFENDANT

The written plea agreement confirmed the parties would make a joint recommendation for a sentence of thirty days with credit for time served, "release forthwith." So, presumably, Doyen would not stay in jail on *this charge* after sentencing if the court accepted the terms of the agreement.[3] Instead of imposing the agreed-upon recommendation of the parties the court imposed a harsher sentence.

On the date the written guilty plea was filed, the court accepted the plea by written order, noted "defendant appears by Attorney," and stated:

> The defendant states that defendant is ready to plead and enters a plea of guilty. The written plea of guilty shows that the defendant's plea is voluntary, being freely and intelligently made, with an understanding of the charge, with knowledge of the penal consequences of the plea, with full knowledge of the defendant's constitutional rights, and that said rights are waived by a plea of guilty, without any threats, improper inducements or persuasion, and the Court finds there is a factual basis for the defendant's plea of guilty.
> The written plea indicates the defendant's informed understanding of defendant's rights contemplated in the cases of *State v. Sisco*, 169 N.W.2d 542 [(Iowa 1969)]; *Brainard v. State*, 222 N.W.2d 711 [(Iowa 1974)]; and *State v. Reaves*, 254 N.W.2d 488 [(Iowa 1977)], all as shown in the defendant's written plea of guilty, which plea is made a part hereof by this reference.

---

[3] However, Doyen was required to serve jail time on the other cases that had not yet been completed.

The plea agreement terms included a waiver of Doyen's right to move in arrest of judgment and, in fact, Doyen never filed such motion. The sentencing hearing was held on April 25 with a different judge. The court first stated, "This is the date and time set for sentencing on the guilty plea which was filed on April 10, 2024, by [Doyen's counsel] and *signed by the defendant.*" (Emphasis added.) And other than exchanges between the attorneys involved and the court, the only words spoken by Doyen were, "Can I go for a mental health evaluation?" and then, when the court asked what he said, another request of, "Can I go for a mental health evaluation, like to Abbe Center or anything like that?"[4] Ignoring the attorneys' sentencing recommendation, the court sentenced Doyen to 365 days in jail plus the maximum fine and surcharges. The court later indicated it was amenable to ordering mental health treatment. Doyen appeals.

**Standard of Review.**

"We ordinarily review challenges to guilty pleas for correction of errors at law." *State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). But here, we must start with whether Doyen can even appeal from his guilty plea.

**Discussion.**

    **A. Good Cause Determination.**

In this guilty plea challenge, Doyen argues the court failed to follow the guilty plea procedures set out in Iowa Rule of Criminal Procedure 2.8(2)(b) and (4), which

---

[4] Doyen was asked no questions about his written plea agreement. The court acknowledged that there "is probably some mental health issues going on that are creating this issue [of committing multiple assaults] for you." After imposing the sentence, the court did order a mental-health evaluation.

provides the steps the court is required to take before accepting a plea and establishes the procedure to waive rights under a written plea. Doyen recognizes that under Iowa Code section 814.6(1)(a)(3), he must establish good cause to appeal. To that effect, he asserts there was a defect in the plea proceeding that impacted his ability to preserve error on his challenge. Specifically, he contends he was not properly informed of his right to raise any defect in a motion in arrest of judgment. See Iowa R. Crim. P. 2.8(2)(d)(1)–(3) (requiring the court to inform the defendant that challenges to the plea must be made through a timely motion in arrest of judgment). Doyen argues this failure makes his guilty plea null and void, along with the sentencing judgment, because the waiver of his right to file a motion in arrest of judgment within the document cannot be considered as affecting his right of appeal under section 814.6(1)(a)(3).

We start with this first hurdle. As he recognizes, Doyen "bears the burden of establishing good cause to pursue an appeal of [his] conviction based on a guilty plea." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020); *see also* Iowa Code § 814.6(1)(a)(3). "Good cause" means "a legally sufficient reason." *Damme*, 944 N.W.2d at 104 (cleaned up). There is no possibility for relief on appeal when a defendant pleads guilty and waives the right to file a motion in arrest of judgment unless an exception applies to this bar. *See State v. Treptow*, 960 N.W.2d 98, 109 (Iowa 2021). One exception allows "a defendant [to] challenge his guilty plea on appeal despite not filing a motion in arrest of judgment where the district court failed to adequately advise the defendant of the consequences of not filing a motion in arrest of judgment." *Id.* This is the exception Doyen raises.

We know the court did not advise Doyen on the impact of waiving his right to file a motion in arrest of judgment—it was not discussed at sentencing, and Doyen's guilty plea was entered and accepted without a hearing. But given the written waiver before us, whether Doyen has good cause to appeal turns on whether his attorney's signature on the written guilty plea that contained the necessary advice on filing a motion of arrest in judgment is sufficient to show Doyen was properly appraised of his right to file a motion for arrest in judgment before appeal.

Rule 2.8(4) governs plea agreements for serious misdemeanors. In relevant part, the rule states:

> With the court's approval, the defendant may waive personal colloquy in open court in a guilty plea to a serious or aggravated misdemeanor or a nonforcible class "D" felony. In such event, the *defendant must sign a written document substantially complying* with rule 2.37—Form 12[5] . . . that:
> a. Demonstrates the defendant has been informed of and understands the matters set forth in rule 2.8(2)(b)(1)–(9).
> . . . .
> c. Informs the defendant that any challenges to the guilty plea based on alleged defects in the plea proceedings must be raised in a motion in arrest of judgment and that failure to raise such challenges precludes the right to assert them on appeal.

(Emphasis added.) "Iowa court rules have the force and effect of laws, and therefore 'we interpret rules in the same manner we interpret statutes.'" *State v. Mootz*, 808 N.W.2d 207, 221 (Iowa 2012) (citation omitted). When interpreting our Iowa Rules of Criminal Procedure, "[t]he first step in our statutory interpretation analysis is to determine whether the [rule] is ambiguous." *State v. Coleman*, 907

---

[5] Form 12 is a court form entitled: "Waiver of Rights & Written Guilty Plea for Serious or Aggravated Misdemeanors or Nonforcible Class 'D' Felonies."

N.W.2d 124, 135 (Iowa 2018). "Ambiguity exists if reasonable minds may differ or may be uncertain as to the meaning" of the rule. *State v. Green*, 470 N.W.2d 15, 18 (Iowa 1991). "Our inquiry ends with the plain language if the [rule] is unambiguous." *State v. Zacarias*, 958 N.W.2d 573, 581 (Iowa 2021).

The operative word of the rule at issue here is "sign." According to *Black's Law Dictionary*, "sign" means "[t]o identify (a record) by means of a signature, mark, or other symbol with the intent to authenticate it as an act or agreement of the person identifying it." *Sign*, *Black's Law Dictionary* (12th ed. 2024). We find this definition comports with the meaning of rule 2.8(4); a defendant is to mark, with a signature, their plea agreement to indicate his or her agreement. The plain language of rule 2.8(4), limited to "defendant must sign a written document," is not ambiguous.

To determine whether the requirements of rule 2.8(2)(d) were met, "[w]e employ a substantial compliance standard." *Fisher*, 877 N.W.2d at 681 (citation omitted). In *Fisher*, the court noted that even though counsel had certified in the plea form "he had explained the procedure for filing a motion in arrest of judgment to the defendant . . . , this guarantee would be insufficient to satisfy the second requirement of rule 2.8(2)(d)." *Id.* at 682 (cleaned up); *see also State v. Meron*, 675 N.W.2d 537, 541 (Iowa 2004) ("Even considering the assurances that counsel [for the defendant] explained the right to file a motion in arrest of judgment, this guarantee would be insufficient to satisfy the second requirement of rule 2.8(2)(d)."). So, we look to see if there was substantial compliance with our rules here.

The State argues that when reviewing rule 2.8(4) for substantial compliance, we should allow the defendant's attorney to sign the guilty plea on behalf of the defendant if that attorney confirms, as here, that the defendant "read [the] entire document" and "underst[oo]d the contents and consequences of this written guilty plea." The State asserts this is substantial compliance with the rule requiring that the defendant be properly informed of the motion in arrest of judgment. But we read the placement of the terms "substantial compliance" to qualify that the terms "written document" and that the document must "substantially comply" with the form referenced in the rule. Form 12, as set out in the rules, specifically provides for the defendant's certification involving the rights and consequences related to the plea with a line for the defendant to confirm and sign. Even under the substantial compliance test, we find the defendant must *sign* their plea agreement if there is to be no personal colloquy as would be required without a written plea.

Because Doyen did not personally sign the plea agreement, and there was no personal court colloquy where he waived his right to file a motion in arrest of judgment, the record does not adequately demonstrate that he was advised of the consequences of failing to file a motion in arrest of judgment. Consequently, he is not precluded from appellate review of his challenge to his guilty plea. *See State v. Hightower*, 8 N.W.3d 527, 535–36 (Iowa 2024).

### B. "Defective Plea."

So, we turn to Doyen's substantive argument that his guilty plea was defective and is null and void, along with the sentencing judgment. Given our analysis above, without Doyen's signature, we cannot conclude Doyen was fully

informed of his rights as set out in that agreement, including if he voluntarily agreed to or understood the terms based upon the written plea agreement alone. While the discussions at the sentencing hearing gave some indication Doyen was aware of the details of the plea agreement's terms and the substance of the plea negotiations, there is no evidence in the record that indicates Doyen "voluntarily and intelligently" entered into a plea agreement and understood the ramifications of choosing to enter a plea—either at the time of sentencing or when the guilty plea was entered about two weeks earlier. *See State v. Weitzel*, 905 N.W.2d 397, 402 (Iowa 2017); *see* Iowa R. Crim. P. 2.8(2)(b). At sentencing, counsel for both parties recited the substance of the plea agreement and stated their reasons for setting forth the recommendation in the plea agreement. After the recitation of the plea negotiation, the court asked Doyen, "Mr. Doyen, you have a right to allocution. You can tell me anything you want me to know before I pass judgment and sentencing here today. Is there any statement that you wish to make?" Doyen asked only if the court could order a mental-health evaluation.

To counter Doyen's challenge, the State relies on the attorney-signed guilty plea to show Doyen was properly notified of his rights and obligations. Additionally, the State also points out that Doyen is not contending in his appeal that his counsel made fraudulent representations or that he was not advised of the plea's advisories—just that he did not sign the plea.[6]

As a background, "[t]here are two separate components of rule 2.8(2)(b)," which govern all guilty pleas. *Meron*, 675 N.W.2d at 543. "The first concerns the

---

[6] The State asserts the best way to tell the "whole story" would be through the postconviction relief process, if that is an avenue Doyen chooses to take.

requirement of an in-court colloquy. The second concerns the requirement the defendant is informed." *Id.* (internal citation omitted). Those charged with a serious or aggravated misdemeanor may "waive the in-court colloquy component, [but] the rule still requires substantial compliance with the requirement that the defendant be informed." *Id.* "To enter a guilty plea voluntarily and intelligently means the defendant has a full understanding of the consequences of a plea." *State v. Kress*, 636 N.W.2d 12, 21 (Iowa 2001). "A guilty plea results in a waiver of several constitutional rights. For the waiver to be valid, there must be an intentional relinquishment of known rights." *Id.* (internal citation omitted).

It is the court's duty to ensure that the requirements of rule 2.8(2)(b) are met when accepting a guilty plea and proceeding to sentencing. *See Hightower*, 8 N.W.3d at 537 ("If that review [of the written plea] raises concerns in the mind of the plea judge, the judge certainly has authority to require a personal colloquy before accepting or rejecting a plea."). Here, at the start of the sentencing hearing, the court mistakenly stated that *Doyen* had signed the plea agreement. So, it followed that no oral colloquy occurred to verify all of the requirements related to that plea were met. The intent behind a written plea agreement is to explain effectively the rights and consequences of a plea of guilt and confirm a defendant's understanding of those rights and consequences.[7] We believe that our rules governing written pleas generally provide both fairness and efficiency in the plea process, hence the use of a written plea. But to assure compliance with rule 2.8(4),

---

[7] We recognize that there are situations in the real-life practice of law where it is difficult to meet face-to-face with a defendant, but requiring the defendant to personally sign the guilty plea avoids the "he said, she said" situations that are part of the postconviction relief cases we review.

we have confidence in a writing that sets out the terms where the defendant must sign confirming it was actually read and that the defendant "knowingly, intelligently, and voluntarily" enters into the written plea. This is even more important because by signing the plea, often appellate review is foregone.

Applying the unambiguous language of the rule requiring *the defendant* to personally sign the guilty plea avoids further proceedings because of misunderstandings or failures in the process. Had the court noted that the plea was not signed by Doyen, a plea colloquy could have confirmed that Doyen knew what his rights were, including the waiver of his right to move in arrest of judgment. And in this gatekeeping scenario, the prosecutor should also want to confirm the plea requirements were met. So, we find that without a written guilty plea signed by the defendant and in the absence of an oral colloquy, Doyen has established deficiencies in the plea process that warrant additional explanation.

With this determination concerning the plea deficiencies, we follow the lead of our supreme court in *Hightower.* There, after the defendant raised several concerns over "irregularities" in the written guilty plea form, our supreme court found that "[o]n the present record, though, we cannot conclude that these irregularities show that the guilty plea was not entered voluntarily and intelligently. We consider the issue preserved pending further development through a postconviction-relief (PCR) action." *Id.* We take the same path here and find that Doyen's challenges to his plea are preserved and can be addressed in a PCR action under Iowa Code chapter 822. We are further convinced this is the right path because Iowa Code section 814.29 prevents us from vacating Doyen's guilty plea "unless the defendant demonstrates that the defendant more likely than not

would not have pled guilty." PCR proceedings would give Doyen a chance to present evidence to establish whether he would have pled guilty absent the defect in the plea proceedings. *See id.* at 542 ("[W]e conclude that section 814.29 prevents us from vacating Hightower's plea. By way of conscious repetition, however, nothing in this opinion precludes Hightower from pursuing claims related to her guilty plea in a PCR action under Iowa Code chapter 822.").

Due to the failure to adequately advise Doyen of the consequences regarding failing to file a motion in arrest of judgment, he had good cause to challenge his guilty plea. While we recognize there were defects in the plea proceedings, on this record, we can neither conclude that those defects prevented the guilty plea from being entered voluntarily and intelligently nor that Doyen would have chosen to go to trial absent those defects. So, we affirm Doyen's conviction and sentence. He may seek relief through a PCR action if he chooses.

**AFFIRMED.**